No. 30,225.

THE STATE OF KANSAS, ex rel. ROLAND BOYNTON, Attorney-general, *Plaintiff*, v. JO E. GAITSKILL, *Defendant*.

(300 Pac. 326.)

Opinion filed June 18, 1931.

*Roland Boynton,* attorney-general, and *Walter T. Griffin,* assistant attorney-general, for the plaintiff.

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery, M. F. Cosgrove,* all of Topeka, *C. S. Dennison,* of Pittsburg, and *George F. Beezley,* of Girard, for the defendant.

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in quo warranto, brought in the name of the state on the relation of the attorney-general, questioning the right of defendant to hold the office of judge of the district court, division number two, of Crawford county (judicial district number thirty-eight), and asking that it be adjudged that he have no right or authority to exercise the functions, powers or duties of that office, or to draw or receive the salary therefor, and that he be ousted and excluded from that office and the

rights, privileges and emoluments thereof. The petition alleges that at the general election in November, 1930, defendant was elected to the office in question, which office had theretofore been duly established and organized under the provisions of our statute (Laws 1911, ch. 151, as amended by Laws 1925, ch. 149); that he thereafter qualified for such office, and on or about January 12, 1931, entered upon the duties of the office and lawfully held the same, exercising the powers, functions and privileges thereof, until March 12, 1931; that chapter 170 of the Laws of 1931 was duly published and went into effect March 12, 1931, a copy of which statute is attached to the petition (and is printed as an appendix to this opinion); that in April, 1930, Crawford county dropped below 60,000 inhabitants and to 49,329 inhabitants, according to the United States census, and at all times since has been below 60,000 inhabitants, and that notwithstanding the abolition of division number two of the court, and the right of the Hon. L. M. Resler, the present incumbent of the office of judge of the district court of that county, and formerly judge of division number one of the court, exclusively to hold the office of judge of the court since March 12, 1931, and to exercise and enjoy all the powers, duties and emoluments thereof, the defendant, since March 12, 1931, continues to claim to hold the office of division number two of the court and to exercise the rights, powers and duties thereof.

Defendant has demurred to the petition. The parties have stipulated, as though alleged in the petition, that the population of Crawford county for the year 1930, as shown by the returns of the assessors of the county, is 52,073.

Our constitution provides two methods for removing district judges from office: (1) By impeachment (art. 2, §§ 27 and 28), or (2) by resolution of both houses if two-thirds of the members of each house concur (art. 3, § 15). It provides that their compensation shall not be increased, and they shall receive no fees or perquisites, or hold any other office of profit or trust under the authority of the state, or of the United States, during their terms of office for which they were elected, or practice law in any of the courts of the state during their continuance in office. It provides (art. 3, § 5) for dividing the state into five judicial districts, in each of which there shall be elected a district judge who shall hold his office for a term of four years, and (art. 3, § 14) that the legislature may increase the number of judicial districts, and that such districts

shall be bounded by county lines. More than one judge to a judicial district was not prohibited by these sections (*State v. Hutchings*, 79 Kan. 191, 98 Pac. 797), and where the business is such as to necessitate it the legislature may provide for more than one judge in a judicial district. When that is done the positions of the judges in the judicial district are referred to as divisions of the court, for the purpose of identification, and the judge of each of the divisions is judge of the district court, elected for the same term, draws the same pay, and has the same powers and duties as other district judges.

In conformity with these constitutional provisions the legislature of 1911 (Laws 1911, ch. 151) provided:

"That in all counties of this state which now contain or may hereafter acquire a population of not less than 60,000 nor more than 100,000 according to United States census each division of the district court of such counties shall consist of two divisions to be known as division No. 1 and division No. 2."

The act was comprehensive in its scope and provided for the appointment of a judge for division number two, for the transfer of a part of the business of the court to that division, for the organization of such division, and for the judge thereof to have all the powers, duties and emoluments of the office of judge of the district court. In 1925 section 1 of this act was amended (Laws 1925, ch. 149) so as to read:

"That from and after the passage and taking effect of this act, in every county in this state which now has, or which shall hereafter acquire, a population of not less than sixty thousand and not more than seventy-five thousand, as shown by the returns of the county assessor in said county, there shall be two judges of the district court and two divisions of such court, which shall be known as division number one and division number two. If in any such county at the time of the taking effect of this act there shall be one or more judges, they shall hold their offices until the expiration of the terms for which they have been elected, and shall preside over their respective divisions as then constituted until their successor or successors shall have been elected and qualified in the manner provided by law for the election of district judges. In counties coming under the provisions of this section where there is one judge, the governor shall appoint the additional judge required by this act, who shall hold office until the next general election and until the successor of such judge shall have been elected and qualified, and thereafter the terms of office of the two judges of said court shall be the same as now provided by law for judges of district courts in this state."

In 1931 the legislature passed the act in question (Laws 1931, ch. 170). It reënacted all the provisions of the 1925 act and added thereto the following:

"*Provided,* That should any such county drop below 60,000 inhabitants according to the United States census, providing [division] number two should be automatically abolished and division number one shall again be the entire district court of said county."

It is contended on behalf of plaintiff that the addition made to the statute in 1931 automatically abolished division number two of the district court of Crawford county, and immediately, upon the publication of the act in the official state paper, deprived defendant of the office of judge of the district court of Crawford county and rendered it impossible for him to perform any of the duties of the office, or to draw any salary.

It is contended on behalf of defendant that the act of 1931 is so vague, ambiguous and uncertain that it is inoperative and void, and therefore cannot accomplish that purpose. We have concluded that this point is well taken. It will not be necessary, therefore, to discuss other questions argued by counsel.

The statute as enacted in 1911, and as amended in 1925, was for the creation of divisions of the district court in certain counties where such divisions were deemed necessary. They contain no provisions for doing away with or abolishing divisions of the court which had once been created. The 1931 act is the first one of those attempting to abolish or do away with a division of the district court where one had been created under the prior act. An examination of the 1931 act convinces us that the addition of the short proviso to the provisions of section one of the act of 1925 is inadequate to accomplish that purpose. The act provides, in the first place, for the establishment of a second division of the district court in each county in the state which has or shall hereafter acquire a population of not less than 60,000, "as shown by the returns of the *county assessor* in said county." The proviso relates to what shall be done when "any such county drop below 60,000 inhabitants according to the *United States census.*" The population of a county or city shown by the returns of the county assessor may differ largely from such population as shown by the United States census. That is a matter of common knowledge of which the court may take judicial notice. In this case it was alleged that the population of Crawford county for the year 1930, as shown by the county assessor's enumeration, was 52,073, while that shown by the United States census was 49,329. Now if 50,000 were the dividing line for the establishment or discontinuance of a division of the court instead of 60,000

we would have the second division of the court created under the first part of the act of 1931, while it would be automatically abolished under the proviso. But since this statute would neither affect nor change the actual number of inhabitants, nor the enumeration thereof by the county assessor or by the United States census, if the statute were complied with at all the division would be created, automatically abolished, again created, and automatically abolished, indefinitely. Such a situation obviously is intolerable. Again, the statute of 1931 provides:

"If in any such county at the time of the taking effect of this act [which was March 12, 1931] there shall be one or more judges, they shall hold their offices until the expiration of the terms for which they have been elected, and shall preside over their respective divisions . . ."

This appears to be inconsistent with the wording of the proviso that division number two should be automatically abolished. Then, again, the proviso in question uses the expression "number two should be automatically abolished." The word "should" in this statute is ambiguous. Its use indicates the announcement of a principle or rule of conduct. Its omission would have tended more positively to indicate a legislative declaration of an immediate abolishing of the division. Really, all the legislature says is that under some circumstances the division should be abolished. Who is to look after having that done? Or by what machinery, or declaration? What is to be done with pending cases (perhaps some of them submitted and undecided) and the files and records of that division is not stated. All of this is left to surmise, or to some future enactment. In the petition it was alleged that according to the United States census Crawford county had 49,329 inhabitants. The federal census was taken as of January 1, 1930. The federal act (Act of March 3, 1919; U. S. C. A., Title 13) does not explicitly provide for the official promulgation of the census. (*Holcomb et al. v. Spikes,* 232 S. W. 891, Tex. Civ. App.) The courts take judicial notice of the census as shown by the returns filed in the office of the director at Washington. (*People v. Williams,* 64 Cal. 87; *Carter County v. Huett,* 303 Mo. 194.) The results of the census are published for each state by an official department of commerce bulletin. This bulletin for Kansas bears the official date of October 16, 1930. Being a federal tabulation, it has no force in the state except as provided by the constitution or statutes of the state. (*Com., ex rel. Woodring, Appellant, v. Walter,* 274 Pa. St. 553, 557.) The

proviso under consideration is open to the view that the second division should be, or should have been, automatically abolished at some time before it was enacted, as of January 1, 1930, the date of the United States census, or of October 16, 1930, when the official department of commerce bulletin for this state was dated. To hold that the statute attempted to abolish the district at some time prior to its enactment would be to hold that it was retrospective in its operation. But the legislature can hardly be charged with contemplating an interpretation of that kind, for such would seriously put in question the validity of all rulings, orders and judgments of this division of the court since January 1, 1930.

Nothing was said in this proviso as to the salary for the remainder of the term of the judge of a division which should be automatically abolished. The statute is ambiguous in not dealing with this subject. Perhaps under our constitutional provisions the legislature could not, by the simple expediency of abolishing the division, remove the defendant from office and deprive him of his salary for the remainder of his term for which he was duly elected. We note that chapter 106, Session Laws of 1895, revising judicial districts and abolishing some of them (see *Aikman v. Edwards*, 55 Kan. 751, 42 Pac. 366), made provisions for pending business as well as for the salary of the judge for the remainder of the term. But we need not determine that question in this case. We mention it only for the purpose of pointing out the ambiguity of the statute. Plaintiff argues that the proviso in question automatically abolished the second division of the district court in Crawford county and ousted the defendant from office and prohibited him from performing any of its duties or receiving any compensation for the remainder of the term for which he was elected. If the legislature had really planned to do so drastic a thing as that it should have so stated in definite terms. We observe that the same session of the legislature, by an act passed only a few days later (Laws 1931, ch. 17), specifically appropriated the regular salary for the judge of the district court, thirty-eighth district, second division, for the fiscal years of 1932 and 1933, and also by the same act appropriated the salary of a stenographer for that division of the court. This action of the legislature is not consistent with the view contended for by plaintiff, as above stated, and tends to make the language of the proviso under consideration even more ambiguous than it would be otherwise.

While an act of the legislature should not be declared invalid for uncertainty if susceptible of a reasonable construction which will give it support and effect, it may be so conflicting or indefinite in its provisions as to be incapable of reasonable interpretation and application. In 25 R. C. L. 810 the rule is stated thus:

"Where an act of the legislature is so vague, indefinite and uncertain that the courts are unable to determine, with any reasonable degree of certainty, what the legislature intended, or is so incomplete or is so conflicting and inconsistent in its provisions that it cannot be executed, it will be declared to be inoperative and void."

To the same effect is 36 Cyc. 969. Many authorities are cited in support of the text. Our own court has recognized and applied the principle in *In re Hendricks*, 60 Kan. 796, 57 Pac. 965. As we have heretofore seen, this statute (Laws 1931, ch. 170) is conflicting in some of its provisions, it is vague, uncertain and indefinite in others, and incomplete in other respects. The result is we feel constrained to hold it to be inoperative and void.

The constitutional authority of the legislature to create additional judicial districts bounded by county lines, and the implied authority to create additional divisions of the district court, when the business requires it, naturally carries with it the authority of the legislature to reduce the number of judicial districts, or the number of divisions in any district, when such action is deemed proper. But an act for that purpose should be definite in its provisions. If predicated upon a census or an enumeration one standard should be used, not two which may be in conflict. It should have due regard for pending business and provide for its disposition. It should fix a time in the future for it to go into effect so that the business might be put in shape for an appropriate transfer, and it should make some definite provision with respect to the salary of the judge for the balance of his term, or, what would be more appropriate, have the statute become effective at the close of his term.

The demurrer to plaintiff's petition is sustained, and judgment is rendered for defendant.

## APPENDIX.

### LAWS OF 1931, CHAPTER 170.

AN ACT relating to district court, division thereof, and district judges in certain counties, and the abolishment of the second division of district courts in counties which drop below 60,000 inhabitants, amending section 1 of chapter 149 of the Laws of Kansas for 1925 (being section 20-401 of the Revised Statutes, Supp. for 1930), and repealing said original section.

*Be it enacted by the Legislature of the State of Kansas:*

SECTION 1. That section 1 of chapter 149 of the Laws of 1925 is amended to read as follows: That from and after the passage and taking effect of this act, in every county in this state which now has, or which shall hereafter acquire, a population of not less than sixty thousand and not more than seventy-five thousand, as shown by the returns of the county assessor in said county, there shall be two judges of the district court and two divisions of such court, which shall be known as division number one and division number two. If in any such county at the time of the taking effect of this act there shall be one or more judges, they shall hold their offices until the expiration of the terms for which they have been elected, and shall preside over their respective divisions as then constituted until their successor or successors shall have been elected and qualified in the manner provided by law for the election of district judges. In counties coming under the provisions of this section where there is one judge, the governor shall appoint the additional judge required by this act, who shall hold office until the next general election and until the successor of such judge shall have been elected and qualified, and thereafter the terms of office of the two judges of said court shall be the same as now provided by law for judges of district courts in this state: *Provided,* That should any such county drop below 60,000 inhabitants according to the United States census, providing number two should be automatically abolished and division number one shall again be the entire district court of said county.

SEC. 2. That section 1 of chapter 149 of the Laws of 1925 is hereby repealed.

SEC. 3. This act shall take effect and be in force from and after its publication in the official state paper.

Approved March 10, 1931.

Published in official state paper March 12, 1931.