No. 38,681

THE STATE OF KANSAS, ex rel., DORAL H. HAWKS, County Attorney of Shawnee County, Kansas, *Appellant*, v. THE CITY OF TOPEKA KANSAS, a municipal corporation; W. KENNETH WILKE, as Mayor of the City of Topeka, Kansas, HARRY SNYDER, as Commissioner of Parks of the City of Topeka, Kansas; C. MADISON WILLIAMS, as Commissioner of Streets of the City of Topeka, Kansas; LLOYD B. SMITH, as Commissioner of Water of the City of Topeka, Kansas; and J. GLEN DAVIS, as Commissioner of Finance of the City of Topeka, Kansas, *Appellees.*

(243 P. 2d 218)

Opinion filed April 12, 1952.

*George M. Brewster,* of Topeka, argued the cause, and *Doral H. Hawks,* county attorney, *Richard R. Funk, Lester M. Goodell, Margaret McGurnaghan* and *Frederick A. Mann,* all of Topeka, were with him on the briefs for the appellant.

*Lloyd L. Hall,* city attorney, argued the cause, and *Harold E. Jones,* and *Frederic J. Carman,* assistant city attorneys, were with him on the briefs for the appellee City of Topeka.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court sustaining a demurrer to plaintiff's petition. Appellant will hereinafter be referred to as plaintiff and appellees as the city or city of Topeka. Plaintiff's action is a proceeding in the nature of quo warranto brought in the name of the state of Kansas on relation

of the county attorney of Shawnee county against the city of To-
peka, a municipal corporation, and the mayor and city commis-
sioners of the city to question the validity of two ordinances of the
city of Topeka; the first, by which the city sought to annex Gage
Park, a single tract consisting of 160 acres owned by and lying ad-
jacent to the city of Topeka under proceedings set forth in G. S.
1949, 12-501 *et seq.;* and the second by which the city sought to
annex property adjacent to and adjoining the north boundary of
Gage Park on the theory that by the first ordinance the city limits
were extended to include Gage Park, thereby making the property
involved adjoining and adjacent to the corporate limits of the city and
subject to annexation under G. S. 1949, 13-1602. The city of Topeka
is a city of the first class and has adopted a commission form of
government (G. S. 1949, 13-1501) and as such is subject to the
provisions of G. S. 1949, 13-1601 *et seq.*

On June 9, 1950, the city filed its petition with the board of county
commissioners of Shawnee county for a resolution of desirability
of annexing that land known as Gage Park lying immediately west
of and adjacent to the then existing boundaries of the city of Topeka.
On July 3, 1950, the board of county commissioners adopted the re-
quested resolution finding it desirable for the city to annex such
land. On August 31, 1951, the city of Topeka enacted an ordinance
annexing the land known as Gage Park to the city of Topeka,
thereby extending the city limits to include Gage Park. These pro-
ceedings were had in accordance with G. S. 1949, 12-501 and 12-
502. On September 11, 1951, the city introduced an ordinance to
further extend the corporate limits of the city and in that ordinance
included land adjacent to and adjoining the north boundaries of
Gage Park. This annexation was pursuant to G. S. 1949, 13-1601
and 13-1602. All parties admit that if Gage Park has been legally
annexed, then the land adjacent to or adjoining the north boun-
daries of Gage Park was legally annexed. The parties agree that
the question for decision by this court is whether a city of the first
class operating under the commission form of government (G. S.
1949, 13-1501 *et seq.*) has authority to annex territory pursuant to
the provisions of G. S. 1949, 12-501 and 12-502, or are G. S. 1949,
13-1601 and 13-1602 found in the commission form of government
act the sole and only annexing statutes applicable to such cities.

Plaintiff contends that the city of Topeka, being a city of the
first class which has adopted the commission form of government

act, is, in the annexation of any additional territory, governed by and limited to the provisions of that act (G. S. 1949, 13-1501 *et seq.*), pertinent provisions of which are: Section 13-1501 provides that all cities of the first class which shall adopt the provisions of the commission form of government act shall be governed by provisions of the act. It is admitted that the city of Topeka adopted the provisions of the commission form of government act. Section 13-1601 provides in part that the corporate limits of any city shall remain as they now are until changed by ordinance as provided in the act. Pertinent parts of section 13-1602 read:

"Whenever any land adjoining or touching the limits of any city has been subdivided into blocks and lots, or whenever any unplatted piece of land lies within (or mainly within) any city, or any tract not exceeding twenty acres is so situated that two-thirds of any line or boundary thereof lies upon or touches the boundary line of such city, said lands, platted or unplatted, may be added to, taken into and made a part of such city by ordinance duly passed. . . . In adding territory to any city, if it shall become necessary, for the purpose of making the boundary line straight or harmonious, a portion of a piece of land may be taken into such city, so long as such portion of the piece taken in does not exceed twenty acres. . . ."

Defendant contends that even though the city has adopted the commission form of government and is governed by the general laws applicable thereto, such laws do not prescribe the exclusive method for annexing territory but the city has authority also to annex territory under the provisions of the general laws (G. S. 1949, 12-501 *et seq.*) applicable to any city. Pertinent parts of that act provide:

12-501: "That whenever *any city* desires to enlarge the limits thereof from territory adjacent thereto, the governing body of such city shall in the name of the city present a petition to the board of county commissioners of the county in which the city is situated setting forth by metes and bounds the territory sought to be so added and asking said board of county commissioners to make a finding as to the advisability of adding said territory to said city." (Italics supplied.)

Pertinent parts of 12-502 provide for notice of time and place of hearing, description of property sought to be added, names of the owners and provisions for publication and that the commissioners shall hear the testimony as to the advisability of making the addition and if satisfied that the adding of such territory to the city will be to its interest and will cause no manifest injury to any person owning real estate in the territory sought to be added, the commission shall so find, and the governing body of the city by ordinance

may enlarge the limits thereof to include the territory so added, and provide further that no such proceedings shall be necessary when the territory sought to be added is subdivided into lots or blocks, but in such cases the city shall have power to add such territory to the city by ordinance, and providing further that no unplatted territory of over twenty acres shall be taken into the city against the protest of the owners thereof. It is apparent from the provisions of the mentioned statutes that they are applicable to any city.

At the outset it may be stated that the legislature has seen fit to establish three classes of cities in Kansas, namely cities of the first, second and third classes, and through the years some laws have been enacted applicable to all cities and others to only one or more classes or to cities within a particular class. Inasmuch as we are dealing with annexation of territory to a city we will limit our discussion to that issue.

Sections 12-501 and 12-502 were originally enacted prior to the enactment of 13-1501 *et seq.,* and at the time of enactment were the only annexation statutes and applied to all cities regardless of class. Under sections 12-501 *et seq.,* cities were limited to one route in annexing any territory, that of petition to the board of county commissioners subject to exceptions contained in the act.

Subsequently a new form of city government was established under cities of the first class, known as the "Commission Form of Government," and the legislature in 1907 (chapter 114) originally enacted sections 13-1501 *et seq.,* thereby opening another route for annexing territory by way of city ordinances subject to exceptions contained in the act.

It is interesting to note that while both 12-501 *et seq.* and 13-1501 *et seq.* have been amended from time to time since their original enactment, and now appear on the statute books as hereinbefore set out, the legislature at no time has seen fit to expressly repeal 12-501 *et seq.,* except insofar as it applies to cities of the third class, and in that instance the legislature specifically so stated (G. S. 1949, 15-11a04):

"That sections 1 [12-501], 2 [12-502], and 3 [12-502a] of chapter 109 of the Laws of Kansas for 1929 are hereby repealed insofar as the same apply to cities of the third class."

A careful reading of this enactment discloses that 12-501 *et seq.* was repealed insofar as it applied to cities of the third class and by

inference should remain applicable to cities of the first class operating under the commission form of government. Again the legislature in 1929 (chapter 109), in re-enacting 12-501 *et seq.*, provided therein that the act should not repeal the provisions of 13-1602:

"That sections 12-501 and 12-502 of the Revised Statutes of Kansas for 1923 be and the same are hereby repealed: *Provided,* This act shall not repeal section 13-202 and section 13-1602, Revised Statutes of 1923."

The legislature again at least inferred that the two general laws were to remain operative. If the legislature had intended that 12-501 *et seq.*, an act applying to any city, should not apply to cities of the first class operating under the commission form of government, it would have said so, as it did in the year 1931 when enacting the annexation laws applicable to cities of the third class (15-11a04).

Without pursuing this matter further, suffice it to say that the legislature has seen fit to enact two general laws, one applicable to any city (12-501 *et seq.*) and one applicable to cities of the first class operating under the commission form of government (13-1501 *et seq.*). 13-501 *et seq.* does not expressly repeal the provisions of 12-501 *et seq.*, and repeal by implication is not favored in this state. (*Voran v. Wright,* 129 Kan. 601, 284 Pac. 807; 9 West's Kansas Digest, Statutes, § 158; Hatcher's Kansas Digest, Statutes, § 111; *Tague v. Hudspeth, Warden, et al.,* 171 Kan. 225, 231 P. 2d 209).

It is recognized that a general legislative grant of powers to cities applies to all cities even though a particular city may not be within the literal wording of the statute. The legislature may in its discretion provide one or more methods for a municipality to accomplish any purpose, and the fact that there may be two general laws which reach the same end does not make either bad or one exclusive of the other. (*Johnson County Comm'rs v. Robb,* 161 Kan. 683, 171 P. 2d 784.)

We cannot say an act passed by the legislature applicable to any city should not be available to a city of the first class operating under the commission form of government when the general law applicable to the latter city does not repeal or exempt the city from the provisions of the former act. It is always desirable to afford the advantages of any beneficial statute to all classes of cities unless they are definitely and specifically excluded therefrom by the language of the act, and therefore the court cannot say that 12-501 *et seq.*, enacted for the benefit of any city, shall not apply to a city

of the first class operating under the commission form of government (13-1501 *et seq.*), but prefers to follow the more approved policy and recognize the act as including cities under the commission form of government as far as it can be applied to such city without being in conflict with that act. (*State, ex rel., v. McCombs,* 125 Kan. 92, 262 Pac. 579.)

In the instant case, 12-501 *et seq.*, the law applicable to all cities, provides that no unplatted territory exceeding twenty acres shall be annexed over the protest of the owner. Section 13-1602 provides that an unplatted area in excess of twenty acres cannot be annexed except when it lies within or mainly within the city limits. Neither of these situations exists in the instant case. Both parties agree the city of Topeka owns Gage Park and that the city petitioned for its annexation. It is clear and agreed to by all parties that 13-1602 does not apply under such circumstances. It is equally clear that 12-501 *et seq.* contemplates and applies to the situation heretofore set out, and not having been repealed and not being in conflict with or repugnant to 13-1602, it follows that the city of Topeka rightly prosecuted annexation proceedings under the provisions of 12-501 *et seq.* The order of the lower court sustaining the city's demurrer to the plaintiff's petition is affirmed.

WEDELL, J., not participating.