No. 41,682

STATE OF KANSAS, *Appellee*, v. JOHN C. O'CONNOR, *Appellant*.

(353 P. 2d 214)

Opinion filed June 11, 1960.

*Robert E. Hoffman,* assistant attorney general, and *John J. Stang,* county attorney, argued the cause, and *John Anderson, Jr.,* attorney general, was with them on the briefs for the appellee.

*John C. O'Connor* was on the brief *pro se.*

The opinion of the court was delivered by

WERTZ, J.: John C. O'Connor, defendant (appellant), was charged on an information with bank robbery as defined by G. S. 1949, 21-531. He entered a plea of guilty and was sentenced to confinement in the state penitentiary for a term of not less than ten nor more than fifty years as provided by the mentioned statute. He appeals from the judgment and sentence, contending only that the trial court erred in fixing the minimum sentence at ten years as provided by 21-531, instead of fixing the minimum sentence at seven years as provided by G. S. 1959 Supp., 62-2239.

G. S. 1949, 21-531, a part of our crimes act, provides in pertinent part that if any person shall enter the premises of a bank with intent to hold up or rob any bank or any person therein of any money or anything of value, he shall on conviction thereof be sentenced to be imprisoned in the penitentiary at hard labor for a term of *not less than ten years nor more than fifty years.*

G. S. 1959 Supp., 62-2239 appears as section 14, chapter 331 of the Laws of 1957 relating to post conviction procedure and providing for a system of probation and parole in criminal cases, and reads insofar as is pertinent hereto:

"Whenever any person has been found guilty of a crime or offense upon verdict or plea, the court may adjudge as follows: (1) Release the defendant on probation; (2) suspend the imposition or the execution of sentence; (3)

impose a fine as provided by law for the offense; (4) impose any combination of (1), (2), and (3); or (5) commit the defendant to an institution or jail with or without a fine for confinement or execution, as provided by law for the offense. . . .

"In committing a defendant to an institution, the court shall not fix a maximum term of imprisonment, but the maximum term provided by law for the offense for which the prisoner was convicted and sentenced shall apply in each case: *Provided*, In those cases where the law does not fix a maximum term of imprisonment for the offense for which the prisoner was convicted and sentenced, the court shall fix the maximum term of imprisonment. *The court may in its discretion fix a minimum term of imprisonment, which shall in no case exceed the minimum term prescribed by law or one-third of the maximum term provided by law for the offense for which the defendant was convicted, or seven years, whichever is less.*" [Emphasis supplied.]

While defendant appears here *pro se* and has filed no brief supporting his views, it appears that his contention is that G. S. 1959 Supp., 62-2239 has so amended the crimes act as to abolish all minimum sentences except as may be imposed at the trial court's discretion in accordance with the formula presented therein; *i. e.*, that which shall in no case exceed the minimum term prescribed by law for the offense for which the defendant was convicted or one-third of the maximum term, or seven years, whichever is less, and that if a minimum sentence was to be imposed upon him for bank robbery, it could not exceed seven years, which sentence, as may be noted, is less than either the ten-year minimum (21-531) or one-third of the fifty-year maximum.

We are unable to agree with defendant's contention for the reason that the italicized portion of the statute is so contradictory and vague as to prevent its application.

In the first instance, this portion could have a totally different meaning read into it than that attributed it by defendant; namely, these lines do not contemplate the repealing of all minimum sentences of the crimes act but, rather, where the court does not fix a minimum sentence in accordance with the formula set out, the minimum provided for the specific offense under the crimes act applies. The first paragraph of this same statute provides that "Whenever any person has been found guilty of a crime . . ., the court may adjudge as follows:. . . (5) commit the defendant to an institution . . . for confinement . . ., as provided by law for the offense. . . ." In the instant case the court did not exercise its discretion and the minimum sentence provided by law for the offense (21-531) was in fact imposed.

Further inconsistency may be noted when it is observed that nearly all of our felony statutes provide both a minimum and a maximum penalty for each crime. None of these have been specifically repealed by the new act of which section 2239 is a part, and repeal by implication is not favored in this state. (*McCall v. Goode*, 168 Kan. 361, 212 P. 2d 209, and *State, ex rel., v. City of Topeka*, 172 Kan. 745, 749, 243 P. 2d 218.) In fact, as seen above, the statute under consideration at present does refer to the minimum and the maximum sentence "provided by law for the offense," and is framed in such a general manner that any interpretation is dependent upon the sentences provided by the crimes act (G. S. 1949, Ch. 21). If we were to sustain defendant's contention we would in effect be holding that these few italicized, ambiguous lines of this general statute repeal by implication the many specific sections of the crimes act specifying the minimum sentences for the specific offenses, and this we cannot do.

An examination of the statute under consideration reveals that the first paragraph thereof is consistent with the provisions of the crimes act and lends support to the court's traditional administrative functions in rendering sentences. However, as stated, these italicized lines of the section are (1) contradictory to existing provisions of the crimes act providing for the sentencing for the specific offenses, (2) inconsistent with the first paragraph of the section of which it is a part and (3) ambiguous within its own terms. The italicized sentence is so vague that it cannot be administered by the courts, and what the intended meaning might be we can only speculate, as no guide is provided us either within or without the act. Therefore, we are constrained to hold that these lines are so conflicting in their provisions and so vague and indefinite in their application as to be inoperative and void.

In so deciding, we are not unmindful of the fact that declarations of non-interpretability are disfavored by some writers who insist the court should in any event construe the intent of the legislature. (2 Sutherland's Statutory Construction, § 4920, pp. 445-448.) However, we held in *State, ex rel., v. Gaitskill*, 133 Kan. 389, 395, 300 Pac. 326, that while an act of the legislature should not be declared invalid for uncertainty if susceptible of a reasonable construction which will give it support and effect, it may be so conflicting or indefinite in its provisions as to make reasonable interpretation and application impossible. We also reiterated the

rule in 25 R. C. L. 810, wherein it was stated: "'Where an act of the legislature is so vague, indefinite and uncertain that the courts are unable to determine, with any reasonable degree of certainty, what the legislature intended, or is so incomplete or is so conflicting and inconsistent in its provisions that it cannot be executed, it will be declared to be inoperative and void.'" This same principle was applied in the case of *In re Hendricks*, 60 Kan. 796, 57 Pac. 965.

Again it is noted that 62-2239 deals with the court's function in the sentencing of criminals. This is a function of the court which is more than mere application of a statute to a particular situation but includes the grant of authority to judicially administer the area of sentencing. We regard these few italicized lines in the mentioned section dealing generally with the sentencing procedures so contradictory and uncertain as to be judicially unadministrative in their present form, and we do not feel warranted in going so far toward legislating our own administrative functions as to attempt to give these lines meaning.

The trial court was authorized to and did correctly sentence the defendant in this case in accordance with the express provisions of G. S. 1949, 21-531 and in accordance with the first paragraph of G. S. 1959 Supp., 62-2239, which provides, among other alternatives, that the court may give the sentence as prescribed by law for the offense. In view of what has been stated the judgment of the trial court is affirmed.

It is so ordered.