No. 41,750

State of Kansas, *Appellee*, v. Lee Lewis, *Appellant.*

(356 P. 2d 845)

Opinion filed November 12, 1960.

Lee Lewis, appellant, was on the brief *pro se.*

*Patrick H. Thiessen,* County Attorney, argued the cause, and *William A. Gossage* and *Victor D. Goering,* Assistant County Attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal in a criminal action in which the appellant was convicted in the district court of Reno County, Kansas, on charges of second degree burglary and grand larceny.

For reasons hereafter stated the only question here for review is whether the appellant was properly sentenced.

The appellant, Lee Lewis, was charged with the offenses of second

degree burglary and grand larceny in a combined count under the provisions of G. S. 1949, 21-520 and 21-524. He was represented by counsel at the trial and the jury convicted him as charged. A motion for new trial was filed within the time prescribed by law, and the trial court, after hearing and taking the matter under advisement, overruled the motion. Thereafter the appellant was sentenced by the court to confinement in the Kansas State Penitentiary at Lansing, Kansas, "for a period of not less than ten (10) years, nor more than twenty (20) years for second degree burglary and no more than ten (10) years for grand larceny," under the provisions of G. S. 1949, 21-523, 21-524 and 21-107a, said sentences to run concurrently.

At the time of sentence the state presented evidence of one previous felony conviction in Reno County, Kansas, for the crimes of burglary and grand larceny, committed on the 12th day of November, 1954, by introducing into evidence a certified copy of the journal entry, sentence and commitment. This previous conviction was set forth in the journal entry.

The notice of appeal reads:

"Take notice that the defendant above named intends to, has, and does appeal to the Kansas Supreme Court from the verdict and Judgment rendered in the above entitled case.

/s/ Lee Lewis
Defendant"

In his abstract the appellant alleges a number of specifications of error, including the overruling of his motion for a new trial. All of the specifications relate to alleged trial errors, except one which charges that the court erred in imposing a minimum sentence of ten years.

It must be observed the notice of appeal makes no mention of the ruling on the motion for a new trial. Therefore, the appellant has not appealed from the order overruling the motion for a new trial.

It is an established rule of appellate procedure that matters specified as error are not reviewable unless they are within the purview of those matters contained in the notice of appeal. When an appellant seeks to have this court review alleged trial errors he must appeal from the order overruling his motion for a new trial. The mere fact that he specified such order as error is insufficient. To obtain appellate review of alleged trial errors it is not only necessary that the appellant appeal from the order overruling his motion for a new

trial, but he must also specify such order as error. He must do *both*. Here the appeal is insufficient to bring trial errors before the court. *(State v. Turner,* 183 Kan. 496, 328 P. 2d 733; *State v. Morrow,* 186 Kan. 342, 349 P. 2d 945; and *State v. Trinkle,* 186 Kan. 809, 352 P. 2d 937.)

The *Turner* case, on facts identical with those in the case at bar on this point, was appealed to the Supreme Court of the United States. On March 30, 1959, that court in a *per curiam* opinion dismissed the appeal for want of a substantial federal question (359 U. S. 206, 3 L. Ed. 2d 759, 79 S. Ct. 739).

In *State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390, an appeal was taken from the order overruling the motion for a new trial, but such ruling was not specified as error. The rule heretofore announced was applied and the court held that alleged trial errors were not properly before it for review. A petition for a writ of certiorari was there denied by the Supreme Court of the United States on December 7, 1959 (361 U. S. 920, 4 L. Ed. 2d 188, 80 S. Ct. 265).

Application of the foregoing rule of law, however, does not preclude a review of the specification charging that the trial court erred in imposing a minimum sentence of ten years. This presents solely a question of law which is not a trial error. Therefore, the motion for a new trial is unnecessary to raise this question. *(State, ex rel., v. Miller,* 177 Kan. 324, 279 P. 2d 223; and *State v. Trinkle,* supra.)

The appellant was sentenced under the provisions of the habitual criminal act (G. S. 1949, 21-107a). It thus appears upon the appellant's second felony conviction, from which this appeal has been taken, the trial court properly sentenced the defendant under the applicable provisions of the statutes cited in its journal entry. Hence, the judgment rendered is regular on its face. It is entitled to a presumption of regularity and validity. *(Darling v. Hoffman,* 180 Kan. 137, 299 P. 2d 594.) The journal entry on its face expressly recites the record in the court below disclosing one prior felony conviction, making the conviction of the appellant in the instant case his second felony conviction. In addition to the journal entry the transcript of the record, presented to this court by the appellant as a part of his abstract, discloses the appellant's admission in open court of one prior felony conviction during the course of his testimony.

The contention of the appellant on this point seems to be hinged upon the provisions of G. S. 1959 Supp., 62-2239, the last sentence in the second paragraph of which reads:

"The court may in its discretion fix a minimum term of imprisonment, which shall in no case exceed the minimum term prescribed by law or one-third of the maximum term provided by law for the offense for which the defendant was convicted, or seven years, whichever is less."

The appellant points out the maximum term prescribed by law for the offense for which he was convicted is ten years and the minimum is five years. He therefore argues under the foregoing section of the statute that one-third the maximum of ten years is less than seven years or the five years prescribed by law, thus making three and one-third years the largest minimum sentence the court could legally impose.

Our decision on this point is controlled by *State v. O'Connor*, 186 Kan. 718, 353 P. 2d 214, where the above quoted provision of 62-2239, *supra*, was declared void. The syllabus reads:

"The first two paragraphs of G. S. 1959 Supp., 62-2239 (Laws of 1957, Ch. 331, § 14) are considered, and it is *held* that the last sentence of the second paragraph pertaining to minimum term of imprisonment conflicts to such an extent with the provisions of the first paragraph, as well as those of the crimes act (G. S. 1949, Ch. 21), and is so vague and indefinite as to be judicially unadministrative, and it is therefore void."

The argument presented by the appellant on the facts presently before the court, regarding the provision above quoted relating to post conviction procedure, suggests a construction of the language that would in effect repeal the habitual criminal act, and the legislature has not directly done so. An additional reason is therefore indicated confirming the soundness of the *O'Connor* decision.

We find no merit in the appellant's contention that the trial court erred in imposing a minimum sentence of ten years.

The judgment of the trial court is affirmed.