No. 42,228

Donald E. Crimi, *Appellant*, v. Tracy A. Hand, Warden, Kansas
State Penitentiary, Lansing, Kansas, *Appellee.*

(358 P. 2d 736)

Opinion filed
January 21, 1961.

*Donald E. Crimi,* appellant, was on the brief *pro se.*

*J. Richard Foth,* Assistant Attorney General, argued the cause, and *John
Anderson, Jr.,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This appeal is from an order denying an application
for a writ of habeas corpus.

On November 20, 1958, in the district court of Reno county, peti-
tioner, being represented by counsel, entered his plea of guilty to
the charge of attempted burglary in the second degree. The
journal entry of the judgment of conviction reads in part:

. . . . . . . . . . . . . .

"It Is Therefore, by the Court, decreed, ordered and adjudged that the
said defendant, Donald E. Crimi, be confined in the Kansas State Penitentiary,
located at Lansing, Kansas, until discharged therefrom as by law provided,
and that he pay the costs of this action, taxed at $————.

"The Sheriff of Reno County, Kansas, is hereby ordered to take the said
defendant, Donald E. Crimi, and deliver him to the warden of the Kansas
State Penitentiary, located at Lansing, Kansas, and to be confined therein
for a term of one year and four months, under the provisions of and in com-
pliance with Sec. 21-523/21-101 as modified by 62-2239, G. S., 1957 Supp.,
or until discharged therefrom according to law."

Petitioner, contending that his sentence was for a term of "one
year and four months," and having served that period of time in
the penitentiary, filed an application for a writ of habeas corpus
in the district court of Leavenworth county. His application was
denied—hence this appeal.

G. S. 1949, 21-523, provides that one convicted of burglary in the
second degree shall be punished by confinement not less than five
nor more than ten years.

G. S. 1949, 21-101, *Second,* relating to an attempt to commit an

offense, provides that if the offense so attempted be punishable by confinement other than for life the person convicted of such attempt shall be punished by confinement for a term not exceeding one-half of the longest time of imprisonment prescribed upon a conviction for the offense so attempted.

In other words—reading the two statutes together, conviction of attempted burglary in the second degree carries a penalty of confinement for a period not exceeding five years.

The reference in the journal entry, above, to G. S. 1957 Supp. 62-2239 (now found in G. S. 1959 Supp.) presumably is to the last sentence of the second paragraph of such section, which reads:

"The court may in its discretion fix a minimum term of imprisonment, which shall in no case exceed the minimum term prescribed by law or one-third of the maximum term provided by law for the offense for which the defendant was convicted, or seven years, whichever is less."

and which, on June 11, 1960, was held to be void in *State v. O'Connor*, 186 Kan. 718, 353 P. 2d 214.

The district court of Reno county is not to be criticized for attempting, in its discretion, to fix a minimum term of imprisonment, for it was not until nineteen months later that the above-quoted portion of 62-2239 was held void in the O'Connor case. It also is to be noted that the journal entry of the judgment of conviction stated that petitioner was to be confined in the penitentiary "until discharged therefrom as by law provided" and "or until discharged therefrom according to law."

This court has before it a certified copy of the transcript of proceedings in the Reno county district court in connection with petitioner's plea of guilty and imposition of sentence. It affirmatively shows that petitioner was sentenced to confinement "for *not less than* a period of one and one-third years," and we are advised by the office of the attorney general that proceedings are now being taken to correct the journal entry by an order *nunc pro tunc* with respect to the omission therein of the words "not less than."

Aside from what has been said, the statute (62-2239) provides that in committing a defendant to an institution the court shall not fix a maximum term of imprisonment, but the maximum term *provided by law* for the offense for which the prisoner was convicted and sentenced shall apply. As before stated, conviction of attempted burglary in the second degree carries a penalty of confinement for a period not exceeding five years. Petitioner was sentenced to confinement until discharged as provided by law. He

has served only a little more than two years and has not completed the maximum sentence provided by law—therefore is not entitled to his release by way of habeas corpus.

The order of the district court of Leavenworth county denying the application for a writ is affirmed.