No. 42,736

MARVIN JOHNNY JOHNSON, *Petitioner,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Respondent.*

(367 P. 2d 70)

Opinion filed December 9, 1961.

*Park McGee,* Assistant Attorney General, argued the cause, *William M. Ferguson,* Attorney General, and *J. Richard Foth,* Assistant Attorney General, were with him on the brief for the respondent.

Petitioner was on the brief *pro se.*

The opinion of the court was delivered by

SCHROEDER, J.: This is an original proceeding in habeas corpus. The petitioner is presently confined in the Kansas State Penitentiary pursuant to an order of the district court of Barber County, Kansas, entered on the 12th day of May, 1960, wherein the petitioner was sentenced "for a period of one (1) year" upon his plea of guilty to the crime of being an accessory after the fact to a felony in violation of G. S. 1949, 21-106.

The question presented is whether a valid sentence was imposed.

It is clear from the journal entry, the order of commitment, and the transcript of the proceedings that the trial court intended the entire length of the sentence imposed upon the petitioner to be for a period of one year.

The petitioner seeks release on the ground that he has fully served the sentence imposed by the court and is now being deprived of his liberty without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

G. S. 1949, 21-106 provides four alternative methods of sentencing a person for an offense committed thereunder. These alternative methods are:

". . . confinement and hard labor not exceeding five years, or in the county jail not exceeding one year nor less than six months, or by fine not less than four hundred dollars, or by both a fine not less than one hundred dollars and imprisonment in a county jail not less than three months."

It is provided in G. S. 1959 Supp., 62-2239 that:

"In committing a defendant to an institution, the court shall not fix a maximum term of imprisonment, but the maximum term provided by law for the offense for which the prisoner was convicted and sentenced shall apply in each case: . . ."

It must be noted the last full sentence of the second paragraph in 62-2239, *supra*, authorizing the trial court in its discretion to fix a minimum term of imprisonment has been held to be so vague and indefinite as to be judicially unadministrative, and therefore void. (*State v. O'Connor*, 186 Kan. 718, 353 P. 2d 214; and *State v. Lewis*, 187 Kan. 221, 356 P. 2d 845.)

Since the trial court intended to make the sentence imposed both the minimum and maximum length of time to be served by the petitioner in the state penitentiary, the sentence was not imposed in accordance with the foregoing statutes. It had no authority in this case to impose a maximum penalty of one year in the state penitentiary. The trial court having elected, in the exercise of its discretion, to impose the felony sentence upon conviction of the petitioner, it should have sentenced the petitioner to confinement and hard labor not exceeding five years. Under this sentence the minimum for confinement and hard labor would be one year by reason of G. S. 1949, 21-109.

It is therefore apparent the sentence imposed by the trial court was in error, and, being in error, it is considered to be void under our decisions. (*Edwards v. Hudspeth*, 159 Kan. 37, 151 P. 2d 698; *Richardson v. Hand*, 182 Kan. 326, 320 P. 2d 837, and authorities cited therein.) The situation presented in *Crimi v. Hand*, 187 Kan. 580, 358 P. 2d 736, is to be distinguished.

Kansas has always considered an erroneous or irregular sentence the same as a void sentence, and thus within the power of a court to substitute a new and valid sentence. Under these circumstances this court may remand a prisoner for further proceedings in the district court to correct a void or erroneous sentence, and such

authority is not limited to appeals. Such remand of a prisoner can properly be made in a habeas corpus proceeding. (*Richardson v. Hand*, supra.)

It is therefore ordered that the petitioner be taken before the district court of Barber county, and that such court proceed to impose a proper sentence in accordance with the provisions of G. S. 1949, 21-106.

The writ is denied.