*In re* Cowan.

No. 20,609.

*In re* LECK COWAN, Petitioner, *Appellant.*

No. 20,610.

*In re* BANTY MCCOLLOUGH, Petitioner, *Appellant.*

SYLLABUS BY THE COURT.

HABEAS CORPUS—*Application of Petitioner for nunc pro tunc Order—Judicial Discretion.* In a habeas corpus proceeding, the petitioner discovered that a matter required to be of record in another proceeding, but which was not of record, was essential to his case. He moved in the case on trial that the record in the other cause be supplied *nunc pro tunc. Held,* it was within the discretion of the court to refuse to hear evidence in support of the motion.

Appeals from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed February 10, 1917. Both affirmed.

*W. H. Millstead,* and *A. L. Majors,* both of Columbus, for the petitioners.

*S. M. Brewster,* attorney-general, and *F. W. Boss,* county attorney, for the respondent.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one of habeas corpus. At the trial, the petitioner discovered that a matter required to be of record in another proceeding, but which did not appear of record, was essential to his case. He moved that the record be supplied *nunc pro tunc.* The court declined to receive evidence in support of the motion, and the petitioner appeals.

The petitioner was convicted of violating the prohibitory law, and was paroled. The term of the judge who presided over the court when the parole was granted expired, and his successor revoked the parole. The petitioner sought release from custody on the ground he had been absolutely discharged by the former judge. The statute requires that absolute discharge shall be by order of record, the terms of which are specified. (Gen. Stat. 1915, § 3012.) No such record could be produced, and the petitioner then sought to inject into the habeas corpus proceeding a proceeding to supply the record in respect to a transaction in another cause concluded before the

trial judge took office. Manifestly it was within the discretion of the court to refuse to permit this to be done.

The petitioner says it was an important thing whether or not the court had ordered his absolute discharge. It was important, and so important, that proof of the fact should have been looked up and made ready for presentation before the habeas corpus proceeding was brought on for trial. Furthermore, the matter was so important that the court had the right to decline to consider it until the application was made in the cause to which it pertained and was set down for hearing independently on its merits in the regular way.

The judgment of the district court is affirmed.

The same question is presented in the case No. 20,610, *In re McCollough,* and the judgment of the district court in that case is affirmed.