No. 35,100

FRANK BOAZ, *Petitioner*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Respondent.*

(113 P. 2d 80)

Opinion filed May 10, 1941.

*Frank Boaz* pro se.

### OPINION ON REHEARING

*Per Curiam:* This is an original proceeding for a writ of habeas corpus which was filed in this court October 16, 1940.

The petition was on that day considered, denied and dismissed. Shortly afterward petitioner filed a motion for rehearing and this motion was considered and denied by the court on November 16, 1940. Thereafter petitioner seems to have applied to the United States district court for the district of Kansas, and to have been denied relief in that court. Now he has returned to this court, and in a motion filed April 15, 1941, urges that the original petition be reconsidered.

While this court is still convinced that it has no jurisdiction to give relief to petitioner under the facts appearing in this record, it has been decided that the court should briefly give its reasons for denying the petition for a writ of habeas corpus.

The record before the court shows that petitioner was convicted of possession of narcotics on May 23, 1930, in the district court of Sedgwick county; that he was sentenced to the Kansas state penitentiary on May 29, 1930 (the time of petitioner's actual incarceration is not shown in the record); petitioner was paroled January 2, 1937, and on March 15, 1938, he was granted a conditional pardon by the governor. The conditional pardon provided for the restoration of petitioner's civil rights, but contained the following conditions:

"*First.* The said Frank Boaz, No. 1561, shall, during the remainder of the term of his original sentence, refrain from the use of intoxicating liquors as a beverage, and deleterious drugs or narcotics.

"*Second.* He shall not, during said time, carry any deadly weapon of any kind, excepting as a duly commission*er* [ed] officer in the performance of his duty as such, or by lawful permission.

"*Third.* He shall not, during said time, carry on his person, or otherwise, any gambling device, or any burglar's implements or anything designed for the use of the commission of any crime.

"*Fourth.* He shall not, during said time, violate any of the criminal laws of this state or of the nation.

"*Fifth.* He shall, during said term, notify the governor of his whereabouts, his employment, his earnings, and his post-office address, on the first days of January, April, July and October of each year.

"Should the said Frank Boaz, No. 1561, violate any' of these conditions he shall be liable to summary arrest upon the warrant of the governor of the state of Kansas, whose judgment and decision as to the sufficiency of the proof of the violation of these conditions shall be conclusive, and the said prisoner shall thereupon be remanded to the state penitentiary there to serve the remainder of the term of his original sentence, and this conditional pardon shall thereupon be null and void and be summarily revoked. Said paroled prisoner does, by the acceptance of this conditional pardon, accept all the conditions herein expressed and agrees to abide by them."

The conditional pardon was granted under G. S. 1935, 62-2216.

In the spring of 1939 a criminal charge was instituted against petitioner in the district court of Sedgwick county. On April 25, 1939, the governor revoked the petitioner's conditional pardon and petitioner was returned to the penitentiary to serve out his original sentence. Thereafter on May 4, 1939, the criminal proceeding in Sedgwick county was dismissed without prejudice on motion of the state.

Petitioner argues that he was given no hearing at the time the conditional pardon was revoked, and that in fact he had never broken the conditions of his pardon. Be that as it may, this court has no jurisdiction to review the reasons which may have prompted the governor and the parole authorities to revoke this conditional pardon. See *In re Patterson,* 94 Kan. 439, 146 Pac. 1009; *Bowers v. Wilson,* 143 Kan. 732, 56 P. 2d 1212; *State v. Frame,* 150 Kan. 646, 95 P. 2d 278; *Stephens v. Bertrand,* 151 Kan. 270, 98 P. 2d 410.

In 20 R. C. L. 573, sec. 61, it is said:

"A condition in a pardon that the governor may summarily determine whether the conditions have been complied with, and if he finds that they have not, may revoke the pardon and order the reconfinement of the offender, is

binding upon the convict, and authorizes his rearrest and commitment upon the terms and in the manner imposed. Such conditions are not illegal, immoral, or impossible to be performed, and to enforce them deprives the petitioner of no legal right. Upon its revocation the legal status of the petitioner must be regarded the same as it was before the pardon was granted. His summary return or remandment to servitude or imprisonment under the sentence is not violative of organic guaranties of jury trial, that no warrant shall be issued to seize any person without probable cause, supported by oath or affirmation, etc., for the person being dealt with is a convict, who has already been seized in a constitutional way, been confronted by his accusers and the witnesses against him, been tried by the jury of his peers secured to him by the constitution, and by them been convicted of crime, and been sentenced to punishment therefor. In respect of that crime and his attitude before the law after conviction of it, he is not a citizen, nor entitled to invoke the organic safeguards which hedge about the citizen's liberty, but he is a felon, at large by the mere grace of the executive, and not entitled to be at large after he has breached the conditions upon which that grace was extended to him. The governor may order the convict to be so remanded without notice to him and without giving him an opportunity to be heard."

Petitioner, in his brief, cites the case of *In re Charles*, 115 Kan. 323, 222 Pac. 606, in which certain ambiguous instruments under which prisoners had been released from the penitentiary in 1918 to join the United States army were construed to be commutations of the sentence involved and not to be conditional pardons. That case was decided under the statute as it existed prior to 1921, at which time the legislature adopted the present form of G. S. 1935, 62-2216. Moreover, there is nothing ambiguous about the conditional pardon concerned in this case which would bring it within the decision in the Charles case.

The petitions for rehearing and for a writ of habeas corpus should be and are hereby denied.