No. 35,720

FLOYD FRANCIS, *Petitioner,* v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Respondent.*

(133 P. 2d 124)

Opinion filed January 23, 1943.

*C. J. Evans,* of Topeka, argued the cause for the petitioner.

*Shelley Graybill,* assistant attorney general, argued the cause, and *Jay S. Parker,* attorney general, and *Jay Kyle,* special assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

HARVEY, J.: This is an original habeas corpus proceeding. The petitioner is a prisoner in our state penitentiary. The record presented disclosed that respondent has custody of the petitioner under and by virtue of a judgment of the district court of Mitchell county which recites that on May 2, 1934, the petitioner, being then represented by counsel, entered a plea of guilty to an information charging him with forgery in the second degree, and upon such plea he was sentenced to the state penitentiary for a term of not to exceed ten years and to pay the costs of the prosecution, and that on the same day his attorney made written application for a parole; that the evidence upon the application was heard and a parole was granted "upon the conditions as set forth in the parole order," and that on January 9, 1939, the court ordered the parole revoked, and further ordered the sheriff to take defendant into custody under the

original commitment and deliver him to the authorities of the state penitentiary at Lansing.

The petitioner's motion that an attorney be appointed to represent him was allowed, and C. J. Evans, of Topeka, an experienced attorney, was so appointed. He has conferred with petitioner and has appeared for him in this court and filed a brief in his behalf.

The parole order is not before us, but we may assume that it contained provisions required by the statute (G. S. 1935, 62-2205, 62-2207) which, among other things, require a paroled person to appear at each term of court pending the parole and furnish proof to the satisfaction of the court that he has complied with the conditions of the parole and conducted himself as a peaceable and law-abiding citizen. We are furnished a record which shows that the petitioner appeared and reported to the court on September 24, 1934; January 14 and April 15, 1935; January 13, 1936, and September 27, 1938. The statute (G. S. 1935, 20-1015) provides three terms of court per year in Mitchell county.

The petitioner contends that he was discharged from the parole September 27, 1938, and that the court on January 9, 1939, had no further jurisdiction of him and had no power or authority to revoke his parole. This contention cannot be sustained. A court may discharge from parole only "by order of record." (G. S. 1935, 62-2208; *In re Cowan*, 99 Kan. 711, 163 Pac. 451.) There was no order of discharge made by the court and entered of record in September, 1938. What took place is shown by a stenographic record and obviously was a report to the court of the parole of defendant. At that time Orin C. Jordan was county attorney. His questions disclosed that he was not familiar with the case, the plea having been taken and sentence entered when Wm. N. Tice was county attorney. Questions asked by Mr. Jordan and answered by the petitioner tend to show that he was conducting himself as a law-abiding citizen, but that he had not paid the costs, and the county attorney recommended his discharge subject to the payment of costs. The court asked the petitioner some questions, which disclosed nothing seriously to his detriment, and the court stated:

"Your report will be approved, Mr. Francis, and you will be ordered discharged on the payment of the costs. I don't know what they are, but the clerk can give you the amount. And if you get that paid before the first day of the January term why you won't have to report here, but if you don't, you better come back and report so I will know what the situation is, so I can

keep the record straight and extend the time for your payment of the costs. It isn't necessary that you pay all of these at once. Whatever you pay, the clerk will give you a receipt for it, and you will receive credit. I hope you don't get into any more trouble and I don't believe you will, especially if you try hard enough to keep out."

On January 9, 1939, the beginning of the January term of court, the petitioner did not report to the court and had not paid the costs. In the meantime and on October 11, 1938, the petitioner's wife brought an action against him for divorce and the custody of their five minor children ranging in age from two to thirteen years, upon the grounds of extreme cruelty and gross neglect of duty. We are advised this case was heard by the court and the divorce granted and plaintiff given custody of their children on January 9, 1939. Complying with G. S. 1935, 62-1523, the county attorney furnished to the prison board with the commitment a statement respecting the petitioner in which he stated, among other things:

"Floyd Francis was charged with second-degree forgery and he plead guilty to this in 1934 and was sentenced. He was paroled and was very shortly thereafter taken back in custody. Later he was paroled and this parole was revoked by the court. He skipped out before the officers were able to take him into custody. The court ordered defendant taken to the penitentiary under the original commitment.

"He was married until about 1939. His wife divorced him because he would not work; would write numerous bad checks and would get drunk most of the time. His family was on relief here, and still he would not make an honest effort to work. In the early part of 1939 he left this county for the west coast. He was not heard of since that time as far as the local officers were concerned. He happened to come in for a visit and the officers took him into custody."

· There has been filed here a statement of the petitioner to the effect that the county attorney is mistaken as to when the petitioner went to the west coast; that he went there sometime in the fall of 1938. Inaccuracies in this respect are immaterial. There is a further contention that he went on the advice of the county attorney. We are not trying the county attorney here. The county attorney had no authority to bind the court by such advice, and petitioner had no reason to think he could do so.

Petitioner seeks to raise the question as to whether the trial court was justified in revoking his parole. That is a matter this court has no authority to inquire into. The pertinent statute reads:

"No parole shall be granted in any case while an appeal is pending, nor shall the action of any court or judge in granting or terminating a parole be subject to a review by an appellate court." (G. S. 1935, 62-2214.)

See, also, *Bowers v. Wilson,* 143 Kan. 732, 56 P. 2d 1212; *State v. Frame,* 150 Kan. 646, 95 P. 2d 278; *Stephens v. Bertrand,* 151 Kan. 270, 98 P. 2d 123; *Boaz v. Amrine,* 153 Kan. 614, 113 P. 2d 80, and cases cited therein.

The petition for the writ is denied.

PARKER, J., not participating.