No. 39,736

STATE OF KANSAS, *Appellee*, v. R. L. WALKER, *Appellant.*

(281 P. 2d 1070)

Opinion filed April 9, 1955.

No appearance made for R. L. Walker, appellant.

*Harold R. Fatzer,* attorney general, and *Paul E. Wilson,* assistant attorney general, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a prosecution for grand larceny of a truck in violation of G. S. 1949, 21-533. The defendant pleaded guilty and was sentenced to confinement at hard labor for a term of not less than five nor more than fifteen years in the Kansas State Penitentiary. He is now confined there.

Subsequent to his being sentenced to and confined in the penitentiary he filed a motion for permission to withdraw his plea of guilty. This motion was denied. The appeal is from that order.

It is not necessary to set out the complaint, warrant and information since no complaint is made of them.

The record shows that when defendant was arraigned, the trial court made the following statement:

"Let the record show that the defendant is without counsel; is without funds with which to employ counsel; that he has been informed of his right

to trial by Jury, and that the Court appoints C. E. Beymer, a practicing attorney within the 32nd Judicial District, as counsel for the defendant."

This happened on December 3, 1953. On January 16, 1954 the plea of guilty was made and sentence imposed. The journal entry recites the presence of defendant in person and by his attorney; his arraignment and plea; an inquiry by the trial court whether the defendant or his attorney had any legal cause to show why judgment and sentence should not be pronounced; and an answer "No" by both. The defendant was then advised what statute he had pleaded guilty of violating and sentence was imposed. The journal entry was approved by the county attorney and counsel for the defense. Defendant was transported to the penitentiary. He is held there now.

Some eight months thereafter defendant filed the motion for permission to withdraw this plea of guilty. In this motion he states some ten or twelve grounds why the trial court should allow his motion.

It is well settled that a plea of guilty may be set aside. Such a motion is addressed, however, to the sound discretion of the trial court and may be granted only after proper showing. (See *State v. Nichols,* 167 Kan. 565, 207 P. 2d 469, and *State v. Finney,* 139 Kan. 578, 32 P. 2d 517.) There is no indication in this record that the defendant was not represented by capable counsel or that he did not realize the consequences of his plea of guilty. Many of the allegations of defendant's motion are not statements of fact but conclusions of law. The remaining allegations are not such as to warrant the trial court permitting defendant to withdraw his plea of guilty.

The judgment of the trial court is affirmed.