No. 41,206

Edwin Elmer Peay, *Appellant*, v. Tracy A. Hand, Warden, Kansas State Penitentiary, *Appellee*.

(334 P. 2d 369)

filed January 24, 1959.

*Edwin Elmer Peay*, appellant, was on the brief *pro se.*

*John A. Emerson*, Assistant Attorney General, argued the cause, and *John Anderson, Jr.*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal is from an order denying an application for a writ of habeas corpus.

The record discloses the following:

Petitioner (appellant here) was charged in an information filed in the district court of Butler county with the offense of burglary in the second degree, and also with the offense of larceny in connection therewith, the offenses consisting of breaking into and entering a tool shed in the nighttime, and the theft of certain described tools belonging to named individuals.

On September 7, 1956, petitioner, being present in court in person and by counsel, was duly arraigned and entered his voluntary plea of guilty to the charges of burglary and larceny as set forth in the information. He was sentenced on the burglary charge to confinement for not less than five years nor more than ten years, and to confinement for a period of not to exceed five years on the larceny charge, the sentences to run consecutively, pursuant to G. S. 1949, 21-523 and 21-524.

On September 10, 1956, petitioner was granted a parole on the usual terms and conditions, and was released.

On September 15, 1956, upon motion of the state, the order of parole was revoked and petitioner was committed to the state penitentiary to serve the sentences previously imposed. He is presently confined in that institution.

If we understand petitioner's contentions correctly, complaint is made that the state failed to introduce evidence of his guilt; that the information failed to allege the value of the articles stolen, and that there was some "irregularity" in connection with the granting and revocation of his parole.

We find no merit in any of these contentions.

The record shows that petitioner voluntarily entered a plea of guilty to the charges against him, and, under the circumstances, there was no occasion or requirement for the state to introduce

evidence· to prove the elements of the offenses charged in the information. (*Carrier v. Hand,* 183 Kan. 350, 327 P. 2d 895.)

G. S. 1949, 21-524, provides that if any person in committing burglarly shall also commit a larceny he may be prosecuted for both offenses in the same count or in separate counts, and on conviction of such burglary and larceny shall be punished by confinement for not to exceed five years, in addition to the punishment prescribed for the burglary. Here, the larceny having been committed in connection with the related crime of burglary, it was unnecessary for the state to allege the value of the property stolen. (*State v. Long,* 148 Kan. 47, 79 P. 2d 837.)

Furthermore, the sufficiency of an information cannot be raised or considered in a habeas corpus proceeding. (*Barrett v. Hand,* 181 Kan. 916, 918, 317 P. 2d 412.)

Under the provisions of the then applicable law (G. S. 1949, 62-2203 and 2204), the district court was authorized to grant a parole in this case and also was authorized to revoke it. Under G. S. 1949, 62-2214, an order granting or terminating a parole is not subject to review by an appellate court. (*Francis v. Amrine,* 156 Kan. 320, 133 P. 2d 124).

Petitioner has shown no ground for his release and the judgment of the lower court is affirmed.