No. 41,127

THE STATE OF KANSAS, *Appellee,* v. PAUL DOWNS, *Appellant.*

(341 P. 2d 957)

Opinion filed July 10, 1959.

*Elmer Hoge,* of Overland Park, argued the cause and was on the briefs for the appellant.

*John J. Gardner,* county attorney, argued the cause, and *John Anderson, Jr.,* attorney general, and *Robert Hoffman,* assistant attorney general, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal in a criminal case by defendant from an order of the trial court overruling his motion to withdraw his plea of guilty and to vacate the judgment entered thereon.

We are not concerned with the circumstances out of which arose the prosecution of the defendant. The record in the trial court, insofar as pertinent, may be briefly stated. On January 17, 1958, defendant, Paul Downs, a practicing lawyer of some years' experi-

ence, appeared in the district court for arraignment upon an information charging him with an offense under G. S. 1949, 40-247, to which he entered a plea of not guilty. The case was set for trial on February 5, at which time defendant appeared and at his request the case was continued to February 12.

On the latter date, defendant appeared in person and with his counsel, Robert P. Anderson, a duly licensed and practicing attorney and a member of the bar in this state, and, with the consent of the court, defendant withdrew his plea of not guilty and entered a plea of guilty to the crime as charged in the information. Upon inquiry by the court, defendant said he could give no legal reason why sentence should not then be imposed. Following statements made by the county attorney and Mr. Anderson as counsel for defendant, the court sentenced defendant to confinement in the county jail for one year and ordered him to pay the costs of the action. Defendant made application for a parole, and, after a short recess, the parole board, organized under G. S. 1957 Supp., Ch. 20, Art. 23, consisting of the Hon. Clayton Brenner, the Hon. Earl E. O'Connor and the Hon. Raymond H. Carr, met and heard Mr. Anderson's oral plea for a parole on behalf of defendant because of extenuating circumstances. The board denied defendant's application, but, upon his request, granted him a stay of execution of the sentence until February 17, when commitment was ordered issued.

On February 17, defendant appeared in person, without counsel, on his unverified motion to set aside his plea of guilty and to vacate the judgment. The grounds of his motion were that he was not guilty of the crime charged; that he was not properly represented at the time of the plea and parole hearing; that he was persuaded to enter his plea of guilty for the reasons that he had been requested by the attorney general to surrender his license to practice law and had been publicly criticized by statements made in a daily newspaper circulated in the area, and that he had entered his plea of guilty to avoid further criticism; that he was led to believe, by statements made by his attorney and by the county attorney, that a parole would be granted him if he entered his plea of guilty; that he had tremendous responsibilities in life and a family dependent upon his earnings and his desire to save them from destitution and malicious publicity was a further inducement to enter his plea. A hearing on defendant's application was had before the trial judge. Defendant presented no evidence on any fact al-

leged in his unverified motion, other than his own unsworn statement to the court.

Defendant did not contend he had been promised a parole, other than that it was his understanding. He stated he had not discussed the matter with the trial judge or with the parole board. The county attorney stated that he, at no time, promised the defendant a recommendation for parole if he pleaded guilty; that defendant was a lawyer in his own right, had employed counsel of his own choosing, had accepted this employment of counsel throughout the proceedings, and had made no objection until after sentence was imposed and the parole denied. The county attorney further stated that one of the last things Mr. Anderson told defendant prior to his entering a plea of guilty was, "You know now, Mr. Downs, that we cannot guarantee you a parole. And he said, 'Of course I know that. I am a lawyer'."

The trial court, in denying defendant's application to set aside his plea of guilty, stated, ". . . you are a lawyer and you are acquainted with this criminal procedure, and just because the results have been disastrous is certainly no ground for the Court now to set aside a plea of guilty. The Court had set your trial for that day [February 12, 1958], had given you one week's continuance so Mr. Anderson could represent you. The Court had called a jury, because I had had no idea when you were—whether you were going to plead guilty or not guilty and had no information on it whatsoever, and it appeared that your real ground here is more hardship than anything else, rather than your plea was not as it was, and for all these reasons, no showing has been made to the Court that the plea should be set aside, and your motion to set aside the plea of guilty and to vacate the judgment is overruled." Whereupon, defendant served his notice of appeal to this court.

At the outset, it may be stated that a defendant's plea of guilty in a criminal case is a confession of guilt of the crime charged and of every fact alleged in the charge. Legally speaking, it is the most formal and binding confession it is possible for a defendant to make. If later the plea is set aside and there is a trial, the plea may be offered in evidence against such a defendant. (*State v. Nichols*, 167 Kan. 565, 207 P. 2d 469.)

It is a well-established rule in this state that a defendant who enters a plea of guilty to an offense as charged in an information has no legal right to withdraw it. It is also well established that if

a defendant in a criminal case enters a plea of guilty, it is within the discretion of the trial court to allow the plea to be withdrawn and a plea of not guilty to be entered; and an order granting or denying such an application is reviewable on appeal only for abuse of discretion. (*State v. Yates,* 52 Kan. 566, 35 Pac. 209; *State v. Garrett,* 78 Kan. 882, 98 Pac. 219; *State v. Nichols,* supra, and cases therein cited; *State v. Walker,* 177 Kan. 752, 281 P. 2d 1070; *Hoyt v. United States,* 252 F. 2d 460 [10th Circ.]; 22 C. J. S. Criminal Law § 421b., p. 639.)

In the instant case defendant had been a lawyer in his own right for some years. He was represented by able counsel. He does not claim to have been deficient in understanding or that his attorney misled him in any particular. The trial court found that the claimed misapprehension in defendant's own mind was not sufficient to justify the setting aside of his plea of guilty under the facts heretofore related. Defendant's plea of guilty was voluntarily made after proper consultation with his attorney and with a full understanding of the probable consequences.

The questions raised in this case were fully considered and decided in the case of *State v. Nichols,* supra, and what was said there is controlling here. A careful review of the record fails to disclose any abuse of the trial court's discretion. The judgment is affirmed.

It is so ordered.