No. 42,939

John T. Berger, *Appellant,* v. Tracy A. Hand, Warden, Kansas State Penitentiary, *Appellee.*

(373 P. 2d 189)

Opinion filed July 7, 1962.

*John T. Berger,* appellant, was on the brief *pro se.*

*Park McGee,* Assistant Attorney General, argued the cause, and *William M. Ferguson,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal in a habeas corpus action from an order of the district court of Leavenworth County, Kansas, entered on the 6th day of December, 1961, which denied the appellant's release from custody in the State Penitentiary in Lansing, Kansas.

The question presented is whether the appellant was denied either equal protection of the laws or due process of law.

On the 22nd day of August, 1959, the appellant appeared before the district court of Montgomery County, Kansas, and entered a *plea of guilty* to each of the two counts in the information charging him with robbery in the first degree and grand larceny of an automobile. Three other persons were charged with those crimes in the same information as the appellant. At his hearing the appellant was represented by a court-appointed counsel, and thereafter the court sentenced him under G. S. 1949, 21-530 and 21-534, and also G. S. 1957 Supp., 62-2239, to serve terms in the Kansas State Penitentiary at Lansing, Kansas, as follows:

"(*a*) A term under the provisions of G. S. Kansas, 1949, section 21-530, for robbery in the first degree, with a minimum of 7 years;

"(*b*) A term under the provisions of G. S. Kansas, 1949, section 21-534, for grand larceny of an automobile, with a minimum of 5 years;

"(*c*) That the above terms shall run concurrently."

The three co-defendants of the appellant were also convicted and were sentenced to the Kansas State Industrial Reformatory at Hutchinson, Kansas, but since the appellant had previously been sentenced to the Reformatory, he was sentenced to the Kansas State Penitentiary at Lansing.

The appellant first contends there was no evidence produced against him at his trial in the district court of Montgomery County. The short answer to this point is that once a plea of guilty has been entered by a defendant in a criminal action there is absolutely no need to introduce any evidence whatsoever to maintain a conviction. (*Darling v. Hoffman,* 180 Kan. 137, 299 P. 2d 594; *Carrier v. Hand,* 183 Kan. 350, 327 P. 2d 895; and *Peay v. Hand,* 184 Kan. 182, 334 P. 2d 369; see, also, *State v. Downs,* 185 Kan. 168, 341 P. 2d 957.)

His second contention is that since the trial court set no maximum sentence, the seven-year minimum period for the sentence on the robbery charge was the maximum term. It is apparent the trial court applied the provisions of 62-2239, *supra,* to fix a minimum sentence of seven years. The provision authorizing such minimum sentence has heretofore been declared so vague and indefinite as to be judicially unadministrative, and therefore void in *State v. O'Connor,* 186 Kan. 718, 353 P. 2d 214. (See, also, *State v. Lewis,* 187 Kan. 221, 356 P. 2d 845.)

The sentence for robbery in the first degree under G. S. 1949, 21-530, is by confinement and hard labor for not less than ten nor more than twenty-one years; and the sentence for grand larceny of an

automobile under G. S. 1949, 21-534, is by confinement and hard labor for not less than five nor more than fifteen years.

G. S. 1957 Supp., 62-2239 (now G. S. 1961 Supp., 62-2239), provides in pertinent part:

"In committing a defendant to an institution, the court shall not fix a maximum term of imprisonment, but the maximum term provided by law for the offense for which the prisoner was convicted and sentenced shall apply in each case: *Provided,* In those cases where the law does not fix a maximum term of imprisonment for the offense for which the prisoner was convicted and sentenced, the court shall fix the maximum term of imprisonment. . . ."

The above proviso has no application in this case; thus, the maximum sentenced *provided by law* is applicable to the appellant herein. The correctness of the manner in which the records of the Penitentiary officials reflect the sentence in no way creates or extinguishes the validity of the confinement during that term to which the petitioner is lawfully confined.

It is readily apparent the appellant has not served either the minimum or the maximum term of imprisonment for the lawful sentence imposed for grand larceny under 21-534, and he is therefore not entitled to his release by way of habeas corpus on this point. (*Hicks v. Hand,* 189 Kan. 415, 369 P. 2d 250; *Crimi v. Hand,* 187 Kan. 580, 358 P. 2d 736; and see *United States v. Pridgeon,* 153 U. S. 48, 38 L. Ed. 631, 14 S. Ct. 746.)

The appellant's third contention is that he has been denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution because his co-defendants were sentenced to the Kansas State Industrial Reformatory, while he was sentenced to the Kansas State Penitentiary.

Even among those eligible to be sentenced to the Kansas State Industrial Reformatory it is discretionary with the trial judge. Chapter 331, Section 33, Laws of 1957 (G. S. 1961 Supp., 76-2306) provides:

"Any male person between the ages of sixteen (16) and twenty-five (25) who shall be convicted for the first time of any offense punishable by confinement in the state penitentiary may, in the discretion of the trial judge, be sentenced either to the state penitentiary or to the Kansas state industrial reformatory."

The appellant was previously sentenced to the State Industrial Reformatory by reason of a prior conviction December 16, 1957, in the district court of Sedgwick County, Kansas, pursuant to which he was confined to that institution, and this rendered him ineligible

for a second sentence to the State Industrial Reformatory. The question thus presented is whether the Kansas statute, which classifies persons by age and previous criminal record, violates the equal protection clause as guaranteed by the Fourteenth Amendment to the United States Constitution. This must be answered in the negative. In *McGowan v. Maryland,* 366 U. S. 420, 6 L. Ed. 2d 393, 81 S. Ct. 1101, the United States Supreme Court stated:

". . . Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. . . ." (pp. 425, 426.)

The statute here in question states a rational and logical classification of offenders to determine their place of confinement. Similar reasoning has been applied to uphold cases which established the constitutionality of the so-called habitual criminal acts. (*Oyler v. Boles,* 368 U. S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501.)

The final contention of the appellant is that the trial court erred by denying the relief he sought "when it failed to require respondent to answer the allegations made by appellant and proceeded to deny relief sought, in a mere *ex parte* hearing devoid of any direct answer by respondent to the grounds relied upon by appellant," and when it "arbitrarily refused to be guided by the law of the case, as cited by appellant, and offered no lawful rebuttal to appellant's authorities cited and did, in fact, attempt to argue the respondent counsel's case for him."

The record discloses an answer and return of the respondent was filed which joined issues with the contentions of the appellant in his application for a writ. Attached to and incorporated into the answer were copies of the court records upon which the confinement was based.

A statement of the law by the trial court as that court believed it to be after hearing the arguments of both the appellant and the appellee is entirely proper.

These contentions of the appellant are both frivolous and contrary to the facts.

The judgment of the trial court is affirmed.