No. 43,499

FRED E. DEXTER, *Appellant,* v. SHERMAN H. CROUSE, Warden of the Kansas State Penitentiary, *Appellee.*

(386 P. 2d 263)

Opinion filed November 2, 1963.

*Fred E. Dexter,* appellant, was on the briefs *pro se.*

*Arthur E. Palmer,* Assistant Attorney General, argued the cause, and *William M. Ferguson,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment of the district court of Leavenworth County denying petitioner a writ of habeas corpus.

The undisputed facts required for a proper understanding of the appellate issues involved will be stated briefly.

On July 16, 1959, the petitioner, Fred E. Dexter, while on parole from the State Penitentiary under a felony sentence by the district court of Montgomery County, appeared before the district court of Elk County, accompanied by Laurence M. Turner his court appointed counsel, and, after waiving formal arraignment, entered a plea of guilty to an information which charged him with burglary in the second degree and grand larceny in violation of G. S. 1949, 21-524 and G. S. 1957 Supp., 21-520 and 21-533 [now G. S. 1961 Supp., 21-520 and 21-533]. Subsequently the court sentenced petitioner to the State Penitentiary on his plea of guilty to the crimes charged in the information under the provisions of G. S. 1949, 21-523 and 21-524 and G. S. 1957 Supp., 21-520 and 62-2239 [now G. S. 1961 Supp., 21-520 and 62-2239], notwithstanding that, by virtue of his prior conviction of a felony, a more severe sentence could have been imposed against him under the habitual criminal act (G. S. 1949, 21-107a).

No appeal was ever perfected from the foregoing judgment and sentence.

More than three years after his incarceration in the penitentiary under the judgment rendered by the district court of Elk County petitioner filed a petition for a writ of habeas corpus in the district court of Leavenworth County against the respondent, Sherman H. Crouse, Warden of the Penitentiary, charging he was being illegally restrained of his liberty under such judgment which was unconstitutional and invalid. In due time respondent filed an answer in which he denied all allegations of the petition and alleged that petitioner was in his custody under the valid judgment and unexpired sentence of the district court of Elk County.

With issues joined as related the cause came on for hearing in the district court of Leavenworth County. Thereupon after a full and complete hearing, at which time petitioner was represented by competent counsel of his own choosing and the respondent by an assistant attorney general, both parties adduced evidence and the case was taken under advisement. On January 2, 1963, the district court determined all issues joined by the pleadings in favor of respondent and denied the writ. Petitioner did not see fit to file a motion for a new trial.

Later, and on January 15, 1963, petitioner gave a *pro se* notice of appeal from the judgment denying the writ and since bringing the case to this court has prosecuted such appeal in that capacity.

The first and principal contention advanced by appellant as affording a ground for reversal of the trial court's action in denying the writ is that his Elk County judgment and sentence was founded on evidence alleged to have been obtained through illegal search and seizure. The fallacy in all claims made by him on this point rests in the fact that such judgment was based on his voluntary plea of guilty to the crimes charged in the information without the introduction of any evidence whatsoever.

It has long been the law of this state that once a plea of guilty has been voluntarily entered by a defendant in a criminal action there is absolutely no need to introduce any evidence to maintain a conviction. (*Berger v. Hand,* 190 Kan. 220, 221, 373 P. 2d 175; *Peay v. Hand,* 184 Kan. 182, 334 P. 2d 369; *Carrier v. Hand,* 183 Kan. 350, 351, 327 P. 2d 895; *Darling v. Hoffman,* 180 Kan. 137, 138, 299 P. 2d 594.)

Moreover, this court has repeatedly held that a defendant's

voluntary plea of guilty in a criminal case is a confession of guilt of the crime charged and of every fact alleged in the charge, and that, legally speaking, it is the most formal and binding confession possible for him to make. (See, *e. g., State v. [Fred E.] Dexter*, 191 Kan. 577, 580, 382 P. 2d 462; *State v. Downs*, 185 Kan. 168, 170, 341 P. 2d 957; *State v. Nichols*, 167 Kan. 565, 577, 207 P. 2d 469.)

What has just been stated and held is sufficient to establish that appellant's first contention lacks merit and cannot be upheld.

Further support for the conclusion just announced is to be found in *Miller v. Hudspeth*, 164 Kan. 688, 708, Syl. ¶ 9, 192 P. 2d 147, holding that where a plea of guilty has been entered there can be no review of the sufficiency of evidence to support the judgment of conviction. See, also, *Crisp v. Hudspeth*, 162 Kan. 567, 178 P. 2d 228.

Appellant also contends that his constitutional rights were infringed upon by an illegal arrest without a warrant. If true, which appellee denies, this contention is devoid of merit even if appellant had seen fit to file a motion for a new trial in the case presented by the instant appeal, which he did not do. See *Engling v. Edmondson*, 175 Kan. 883, 267 P. 2d 487, where it is said:

"And finally, petitioner's contention that no complaint or warrant was served at the time of his arrest, even if true, is of no avail to him in view of his plea of guilty which had the effect of waiving any and all irregularities prior to the entry of such plea." (p. 885.)

For other decisions of like import see *Uhock v. Hand*, 182 Kan. 419, 424, 320 P. 2d 794, and *McGee v. Crouse*, 190 Kan. 615, 617, 376 P. 2d 792.

A further claim advanced by appellant is that he did not commit the offense of burglary in the nighttime, even though he was specifically charged in the information with that crime and entered a plea of guilty thereto. This claim lacks merit and cannot be upheld. Under our decisions the guilt or innocence of one accused or convicted of crime is not justiciable in a habeas corpus proceeding. (See *Fisher v. Fraser*, 171 Kan 472, 233 P. 2d 1066; *Martin v. Edmondson*, 176 Kan. 374, 270 P. 2d 791; *Hartman v. Edmondson*, 178 Kan. 164, 283 P. 2d 397.)

Appellant devotes much time and space to a charge regarding the failure of his court appointed counsel to faithfully, conscientiously, intelligently and honestly perform his obligations as his attorney in the Elk County district court. Except to say it was all based upon his own uncorroborated statements in the court below, and com-

pletely refuted by other facts and circumstances of record, we are not disposed to burden our reports with a detailed statement of the evidence adduced by him in support of this position.

A further short and simple answer to this claim is that under our decisions (see, *e. g., McGee v. Crouse*, supra), it is presumed an attorney appointed to represent an accused in a criminal case discharged all duties imposed upon him by our statute (G. S. 1949, 62-1304), and this presumption is not overcome by the uncorroborated statements of the petitioner in a habeas corpus proceeding.

Another answer, equally decisive, is to be found in our numerous decisions holding that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of a writ where—as here—the judgment rendered is regular on its face and entitled to a presumption of regularity and validity. For just a few of our cases so holding see *Johnson v. Crouse*, 191 Kan. 694, 697, 383 P. 2d 978; *Uhock v. Hand*, 426, supra; *Prater v. Hand*, 185 Kan. 405, 407, 345 P. 2d 634; *Engling v. Edmondson*, 885, supra.

In conclusion it may be stated that, after careful examination of a confusing and unsatisfactory record, we find nothing in this appeal which warrants or permits a conclusion the trial court erred in denying the application for a writ of habeas corpus and remanding the petitioner to the custody of the respondent.

Therefore such judgment must be and it is affirmed.