No. 44,412

PAUL IRVING McCALL, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(411 P. 2d 647)

Opinion filed March 5, 1966.

*John Prather,* of Wichita, argued the cause, and was on the briefs for appellant.

*A. J. Focht,* Deputy County Attorney, Wichita, argued the cause, and *Robert C. Londerholm,* Attorney General, of Topeka, and *Keith Sanborn,* County Attorney, of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal is from an order of the district court of Sedgwick County, overruling the appellant's motion to vacate and set aside the sentences imposed by that court on September 16, 1963. Relief was sought under the provisions of K. S. A. 60-1507 and Rule No. 121 of this court (194 Kan. xxvii).

The appellant, Paul Irving McCall, will be designated in this opinion as the petitioner.

Proceedings had in the district court of Sedgwick County giving rise to this appeal are summarized: On July 15, 1963, the petitioner entered his voluntary plea of guilty to the charge of violating the worthless check statute (G. S. 1949, 21-554), and was sentenced to confinement in the Kansas State Penitentiary for a period of not less than one nor more than five years pursuant to G. S. 1949, 21-555. On that date, the petitioner made application for probation from service of the sentence, and the district court continued the cause until July 19, 1963. On that date, and after argument by counsel, the court denied the petitioner's motion and ordered him to serve the sentence imposed.

On July 21, 1963, while awaiting transportation to the state penitentiary, the petitioner and another inmate escaped from the Sedg-

wick County jail by attacking the jailor with a knife and taking the jail keys from him.

On July 22, 1963, a complaint was filed in the Court of Common Pleas of Sedgwick County, charging petitioner in four separate counts: robbery in the first degree; felonious assault; jail breaking, and willful and malicious destruction of public property. James Foster, a member of the Sedgwick County Bar, was appointed to represent petitioner at his preliminary examination. On August 22, 1963, the petitioner waived his right to have a preliminary examination, and was bound over for trial in the district court to answer the charges alleged against him, and, in default of a $20,000 bond, he was committed to the Sedgwick County jail.

An information was duly filed in the district court charging the petitioner with the offenses heretofore related, and James Foster was reappointed to represent him.

On September 16, 1963, petitioner and his counsel personally appeared before the court, waived arraignment, and petitioner entered his plea of guilty to each of the four counts contained in the Information. The record indicates the court inquired of the defendant if he pleaded guilty to said charge because he was guilty, and the defendant answered in the affirmative. Sentence was imposed in accordance with law, and the court directed that all sentences in Counts 1 through 4 run concurrent with each other, and concurrently with the sentence imposed for violation of the worthless check statute on July 15, 1963. No appeal was taken from the foregoing judgment and sentences.

On a date not disclosed by the record, the petitioner applied to the district court for post conviction relief (K. S. A. 60-1507), alleging the inadequacy of his counsel for the reason that counsel was appointed only minutes prior to the entry of petitioner's pleas of guilty. On September 29, 1964, the district court heard and determined adversely to petitioner the grounds alleged for relief, and no appeal was taken from that judgment.

The proceedings out of which this appeal arises were commenced on February 23, 1965, by petitioner filing his motion to vacate and set aside the sentences imposed on September 16, 1963. In his answer to question No. 10 in the form of the motion prescribed in Rule No. 121, the petitioner alleged as grounds for relief that (1) there was insufficient evidence to support the charges against him; (2) the sentence of robbery in the first degree was illegal and the other sentences imposed for his escape from jail were imposed under

duress, threats and promises (which the petitioner supplemented on a separate sheet), and (3) he was not represented by adequate counsel, "nor do I believe that he was competent counsel, counsel was appointed only minutes prior to plea of guilty."

In the separate sheet referred to in the motion and attached to it, the petitioner elaborated further by stating he was placed on the fifth floor of the Sedgwick County jail without clothing, mattresses or blankets, with the wind blowing through the door, and as a result he was unable to sleep and was forced to walk the floor to keep warm, and that under duress, he signed a statement concerning his escape; he further stated he was threatened with two fifteen-year-to-life sentences if he did not enter a plea of guilty. Incorporated in the separate sheet was what the petitioner claimed to be an exact copy of a letter he received from James Foster, dated October 15, 1964, which reads:

"Dear Paul:

"I received your letter of October 8, 1964, and to say the least, I was very disappointed in the contents of that letter.

"As you know, at the time I took on the defense of your cases, you had been sentenced one to five for violation of check law at Lansing, Kansas.

"While awaiting transportation to Lansing, Kansas, my file reflects that you and another gentleman over-powered a Jailor, took his keys and attempted to leave the jail.

"As you undoubtedly remember, this involved the Crime of Armed Robbery, which carries with it a sentence of ten to twenty-one years, the crime of escape which carries a term of not more than three years and felonious assault which carries a one to ten year sentence. Also, this was your second, third and fourth felony.

"I told you, and I recall very distinctly telling you this, that the County Attorney had told me that should we attempt to try these cases, that your transcript of Convictions would be presented to the Judge, and that on the third and fourth conviction the Judge would have no laternative [sic] but to sentence you to not more than a life sentence and not less than fifteen years in the penitentiary.

"The Judge has absolutely no discretion on the minimum sentence as the statute specifically provides that it must be at least fifteen years and may be as much as life sentence. Consequently, the charges against you could have been run consecutive and you could have received a one to five, and after you served that you could have started serving a twenty to forty-two and after you served that you could have started serving a fifteen to life and after you served that you could have served another fifteen to life.

"I am sure that the Judge would not have sentenced you to all this, but I am also satisfied that if we would have tried the case and lost it you would have been sentenced to fifteen years to life imprisonment.

"If you recall, the evidence against you on the Jail break was overwhelming. There were many eye witnesses as well as all the inmates, of the County Jail

that you told the story of your Jail break to. This was an impossible case to defend and I am satisfied that on the ten to twenty-one year sentence that you did receive that you got off very, very, easy.

"You are perfectly free to file any habeas corpus action you should like but you will not be accomplishing anything and I cannot help but feel you will be placing your chances for an early Parole in Jeopardy."

On June 29, 1965, the district court held no evidentiary hearing, but made findings of fact and conclusions of law, finding that the petitioner had raised no substantial question of law or fact; that it was unnecessary to appoint counsel to represent the petitioner; that the petitioner sought relief based upon his uncorroborated statements; that he was presently serving valid sentences of the district court of Sedgwick County; that the petitioner was entitled to no relief, and concluded his motion should be denied.

Turning to the points raised, the petitioner argues the district court erred in overruling his motion to set aside the sentences without requiring his personal presence in court and without having appointed counsel to represent him. He contends that if he had been permitted to be present to testify, he could have given testimony that there was insufficient evidence to support the charges against him and that the charges against him were untrue. With respect to the petitioner's contention that there was insufficient evidence to support the charges against him, it is apparent that, in view of the record, no justiciable issue is presented. The record clearly indicates that the petitioner pleaded guilty in open court in the presence of his court-appointed counsel to the four counts alleged in the Information "because he was guilty." While it is fundamental that a plea of guilty, in order to be valid, must be freely, knowingly and understandingly made, it was said in *Dexter v. Crouse*, 192 Kan. 151, 386 P. 2d 263, that:

"It has long been the law of this state that once a plea of guilty has been voluntarily entered by a defendant in a criminal action there is absolutely no need to introduce any evidence to maintain a conviction. (*Berger v. Hand,* 190 Kan. 220, 221, 373 P. 2d 175; *Peavy v. Hand,* 184 Kan. 182, 334 P. 2d 369; *Carrier v. Hand,* 183 Kan. 350, 351, 327 P. 2d 895; *Darling v. Hoffman,* 180 Kan. 137, 138, 299 P. 2d 594.)

"Moreover, this court has repeatedly held that a defendant's voluntary plea of guilty in a criminal case is a confession of guilt of the crime charged and of every fact alleged in the charge, and that, legally speaking, it is the most formal and binding confession possible for him to make. (See, *e. g., State v. [Fred E.] Dexter,* 191 Kan. 577, 580, 382 P. 2d 462: *State v. Downs,* 185 Kan. 168, 170, 341 P. 2d 957; *State v. Nichols,* 167 Kan. 565, 577, 207 P. 2d 469.)

"What has just been stated and held is sufficient to establish that appellant's first contention lacks merit and cannot be upheld.

"Further support for the conclusion just announced is to be found in *Miller v. Hudspeth,* 164 Kan. 688, 708, Syl. ¶ 9, 192 P. 2d 147, holding that where a plea of guilty has been entered there can be no review of the sufficiency of evidence to support the judgment of conviction. See, also, *Crisp v. Hudspeth,* 162 Kan. 567, 178 P. 2d 228." (l. c. 152, 153.)

The petitioner next contends that he was not represented by adequate counsel and that counsel was appointed only minutes prior to his pleas of quilty. In denying the motion, the district court found:

"The Court further finds that the movant has presented to this court previously the issue of inadequacy of counsel which was decided adversely to the movant on September 29, 1964 and from which no appeal was taken."

In *Perrin v. State,* 196 Kan. 228, 410 P. 2d 298, the same contention was made where the petitioner filed a motion to set aside his sentence, raising a point which was determined on the merits adversely to his contention, and the point was again raised in a second or successive motion for similar relief. In the opinion it was said:

". . . That point was specifically raised in the petitioner's first motion and was determined on the merits adversely to his contention. No appeal was taken from that judgment and it became final. The rightness or wrongness of the district court's decision on that point may not now be inquired into. (K. S. A. 60-1507, Rule No. 121 [d], [1] and [2].)" (l. c. 233.)

See, also, *Smith v. State,* 195 Kan. 745, 408 P. 2d 647, and *Hanes v. State,* 196 Kan. 409, 411 P. 2d 646.

The foregoing would seem to dispose of the contention. However, we note Mr. Foster was first appointed to represent the petitioner at his preliminary examination and was reappointed to represent him in the district court. The record discloses counsel conferred with petitioner prior to his entering pleas of guilty and they considered the alternative of standing trial with the possibility of an increased sentence under the Habitual Criminal Act, which the county attorney advised would be invoked if a trial were had and a conviction resulted. In *Fields v. State,* 195 Kan. 718, 408 P. 2d 674, the contention was made that petitioner was coerced into pleading guilty as a result of the county attorney's statement he would press for a higher penalty if petitioner continued to fight the case. In the opinion it was said:

". . . we observe that had petitioner's attorney failed to advise him of a possibility of sentence under the Habitual Criminal Act, the petitioner would have added such failure as an additional ground in his petition." (l. c. 720.)

The evidence against petitioner concerning the jail break was over-

whelming, and as a result of his court-appointed counsel's efforts, the petitioner was not sentenced under the Habitual Criminal Act. Manifestly, there is absolutely nothing to support the petitioner's allegations that his court-appointed counsel was incompetent or inadequately represented him in the district court.

The petitioner lastly contends the sentence of robbery in the first degree was illegal and the other sentences imposed for his escape from jail were imposed under duress, threats and promises. This contention is directed to statements made in the separate sheet attached to petitioner's motion, that through coercion and duress he signed a statement concerning the events of his escape from jail. Assuming a statement was elicited from petitioner, of which we are not advised, it was not used against him in disposing of his case in the district court. In *Call v. State*, 195 Kan. 688, 408 P. 2d 668, a similar contention was made that a statement was obtained in violation of the petitioner's constitutional right, and it was said:

". . . In the first place, whatever the statement may have been which was elicited from Call—and we are not informed of its contents—it was not introduced or used against him in this case. Call entered a plea of guilty. Consequently, whether the statement would or would not have been admissible in evidence, were it offered in evidence at a trial, is entirely irrelevant." (l. c. 690.)

We have fully reviewed the record and conclude the district court did not err in holding that the allegations of the petitioner's motion did not allege a substantial claim for relief and that the files and records of the case conclusively showed the petitioner was not entitled to the relief sought. The statute (K. S. A. 60-1507) does not strip the district court of discretion to ascertain whether a claim for relief is substantial before granting a full evidentiary hearing. Under the circumstances which attend, the district court was not required to conduct a formal plenary hearing, or to appoint counsel, or have the petitioner present. In *State v. Burnett,* 194 Kan. 645, 400 P. 2d 971, it was held:

"Where a proceeding is brought under the provisions of K. S. A. 60-1507 and the files and records of the case conclusively show that the prisoner, or movant, is not entitled to relief, it is not required that a formal plenary hearing be had, or that counsel be appointed for the movant, or that the prisoner be produced for a hearing." (Syl. ¶ 1.)

See, also, *Sanders v. State,* 195 Kan. 701, 408 P. 2d 587; *Call v. State,* supra; *Shores v. State,* 195 Kan. 705, 408 P. 2d 608, and *Webb v. State,* 195 Kan. 728, 408 P. 2d 662.

The judgment of the district court is affirmed.