No. 45,032

THOMAS L. METCALF, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(433 P. 2d 450)

Opinion filed November 13, 1967.

*Kenneth I. Rock,* of Kansas City, argued the cause and was on the brief for appellant.

*William L. Roberts,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Frank D. Menghini,* County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal by the appellant, Thomas L. Metcalf, in a proceeding instituted pursuant to K. S. A. 60-1507, wherein the district court denied relief.

On May 22, 1964, the appellant entered a plea of guilty in the presence of his court-appointed counsel, to the crime of armed robbery (G. S. 1949, 21-527), and was sentenced to confinement in the Kansas State Penitentiary for a term of not less than ten nor more than 21 years pursuant to G. S. 1949, 21-530.

On March 9, 1966, the appellant filed a petition in the district court which he entitled Motion for a Writ of Habeas Corpus. The district court appointed Miles D. Mustain, a regular practicing attorney of the Wyandotte County Bar, to represent the petitioner.

On June 3, 1966, the appellant and his counsel appeared personally before the district court and presented his evidence in full in support of the allegations of his petition. Upon consideration of the appellant's uncorroborated evidence, the district court, treating his motion as a proceeding under K. S. A. 60-1507, denied the relief sought. Hence this appeal.

At the outset, we note the record discloses that on March 2, 1964,

Mr. Bill Yockey, a member of the Wyandotte County Bar, was appointed by the district court to represent the appellant and his co-defendant in criminal case No. 18,353 CR. An information duly filed in that case charged both defendants with three different counts of armed robbery. On May 11, 1964, the appellant and his co-defendant appeared before the district court with their attorney, and the following proceedings were had:

"MR. YOCKEY: This is Mr. Metcalf, Your Honor; this is Mr. Miles.

"THE COURT: Mr. Yockey was appointed as your attorney on the 18th of April, I believe you said?

"MR. YOCKEY: On the second day of March, 1964.

"THE COURT: All right, Mr. Roberts, you might read the information.

"MR. YOCKEY: We will waive the reading of the information, Your Honor, in its entirety.

"MR. ROBERTS: At this time, Your Honor, the county attorney's office moves to dismiss counts one and three of the information and to proceed on count two. Count two charges both defendant with the crime of armed robbery.

"THE COURT: State dismisses counts one and two.

"MR. ROBERTS: Excuse me, Judge, count one and three.

"THE COURT: One and three, all right. I assume, Mr. Metcalf and Mr. Miles, you are agreeable with that?

"DEFENDANT METCALF: Yes, sir.

"DEFENDANT MILES: Yes, sir.

"THE COURT: Now, you both understand, Mr. Metcalf and Mr. Miles, that you have a right to have the remaining count, count two of the information, read to you. Mr. Yockey, the attorney, suggests that you are both willing that—to waive the reading of that count, is that correct?

"DEFENDANT METCALF: Yes, sir.

"DEFENDANT MILES: Yes, sir.

"THE COURT: Now, that count two charges—

"MR. ROBERTS: Charges both defendants with robbery of Patty's Grocery Store and the taking of $80.00 lawful money of the United States from John Patty and Virginia Patty, from the person, in their presence and against their will.

"THE COURT: Now, Mr. Metcalf and Mr. Miles, you have the privilege of pleading not guilty, standing mute or pleading guilty; you have the right to a trial by jury or you have a right to stand before the Court. You know those things, both of you?

"DEFENDANT MILES: Yes, sir.

"DEFENDANT METCALF: Yes, sir.

"THE COURT: All right, Mr. Metcalf, how do you plead to this charge?

"DEFENDANT METCALF: Guilty.

"THE COURT: Mr. Miles?

"DEFENDANT MILES: Guilty.

"THE COURT: Guilty; no promises have been made and no threats have been made, is that correct?

"DEFENDANT MILES: No, sir.
"DEFENDANT METCALF: Yes."

Following the entry of their pleas of guilty, the appellant and his co-defendant made application to the district court for probation.

On May 22, 1964, the district court, sitting *en banc*, denied the appellant and his co-defendant's application for probation. On the same day, together with their attorney, they appeared before the district court for sentencing, and the following proceedings were had:

"THE COURT: Mr. Miles, you have not been sentenced; you have entered a plea of guilty on the 11th day of May, and Mr. Metcalf has entered a plea of guilty on the 11th day of May. Do you have anything to say before sentence is pronounced upon you?

"DEFENDANT MILES: Well, all I have to say is that if I hadn't been drinking that night, it would have never happened, I know that, sir; I was drinking, and I don't know what happened that night; I just remember parts of what I have done.

"THE COURT: Mr. Metcalf, do you have anything to say before sentence is imposed on you?

"DEFENDANT METCALF: Well, I am sorry about the whole thing; I have had so much trouble, I was upset about the whole thing, or it wouldn't have happened.

"THE COURT: Mr. Yockey, is there anything you would like to say?

"MR. YOCKEY: Nothing that hasn't been said before, Your Honor."

Thereupon the district court imposed sentence as heretofore stated.

The appellant first contends that when the police officers of the Kansas City police department arrested him on January 24, 1964, they unlawfully searched his car without a search warrant and found a .32 caliber pistol which he claims was illegally obtained, through search and seizure, and which was used to persuade him to sign a statement confessing his participation in the armed robbery. Following his arrest, the appellant was taken to the police station where he was questioned by detectives for approximately one-half hour. He alleged and testified that the police officers did not advise him of his right to remain silent or of his right to have counsel present at the interrogation, and that his confession was obtained illegally.

On January 25, 1964, the appellant was taken before the police judge without counsel, and bond was fixed for his appearance. Being unable to provide bond, the appellant was recommitted to the city jail. On January 28, 1964, a complaint was filed in the city

court of Kansas City, charging the appellant with three counts of armed robbery. The following day a warrant was issued for his arrest and he was taken before the judge of the city court, where Mr. Bill Yockey was appointed to represent him. The appellant requested a preliminary hearing, and the cause was continued until February 28, 1964. On that date, the appellant and his counsel appeared in the city court and a preliminary hearing was held, resulting in his being bound over to the district court.

An information was duly filed in the district court charging the appellant with three counts of armed robbery. On March 2, 1964, Mr. Yockey was again appointed to represent him. Counsel advised the appellant he had conferred with the county attorney who stated that if appellant would enter a plea of guilty to one count of armed robbery, the other two counts would be dismissed, and that the habitual criminal act would not be invoked. As the record indicates, the appellant entered his free and voluntary plea of guilty to the crime charged, and he made application to the district court for probation. The appellant contends the district court erred in refusing to set aside his conviction at the evidentiary hearing on June 3, 1966. He argues he was denied the assistance of counsel until after his arraignment in the district court, almost one month after his unlawful arrest and his confinement in jail during which time a coerced statement had been secured from him, a weapon seized, and he had not been advised of his right to counsel. He further argues that when counsel was finally appointed, the evidence was already in the hands of the prosecutor and his rights had been violated; that an attorney appointed after the fact could not protect his rights because he would have to stand trial and face the vagaries of the court as to the admissibility of evidence obtained prior to counsel having been appointed. The contentions lack merit.

In the first place, the record indicates the appellant was arrested on probable cause by officers of the police department for the commission of a felony which had occurred within 24 hours of the time of his arrest. Hence, it follows that the search of the appellant's automobile and the seizure of the .32 caliber pistol was not unlawful and did not violate his constitutional rights. (*State v. Wood,* 190 Kan. 778, 378 P. 2d 536; *State v. Blood,* 190 Kan. 812, 378 P. 2d 548; *State v. Wood,* 197 Kan. 241, 416 P. 2d 729; *State v. Brown,* 198 Kan. 473, 426 P. 2d 129.) Likewise, the record indicates the appellant admitted at the hearing in the district court that the police officers

who interrogated him at the police station advised him of his right to remain silent, and of his right to counsel prior to the time he gave and signed a written statement implicating him in the armed robberies. Moreover, neither the .32 caliber pistol nor the appellant's written statement was introduced in evidence against him in the district court. The appellant entered a voluntary plea of guilty to the charge of armed robbery and once such a plea had been entered, there was no need to introduce any evidence to maintain the conviction. This court has repeatedly held that a defendant's plea of guilty in a criminal case, freely and voluntarily entered when he is represented by counsel, is a confession of guilt of the crime charged and of every fact alleged therein, and, legally speaking, such a plea is the most formal and binding confession possible for him to make. (*Dexter v. Crouse,* 192 Kan. 151, 153, 386 P. 2d 263; *Berger v. Hand,* 190 Kan. 220, 221, 373 P. 2d 175.) In *State v. Dobney,* 199 Kan. 449, 429 P. 2d 928, it was held that whether a confession of guilt would have been inadmissible at trial was irrelevant when the accused voluntarily entered a plea of guilty. This would be true with respect to the admissibility of the .32 caliber pistol taken from the appellant's car at the time of his arrest. In the opinion it was said:

". . . Assuming, however, incriminating statements were obtained, they were never offered or used against him. He chose to enter a plea of guilty instead of standing trial. Therefore, whether or not such statements would have been admissible had they been offered in evidence at a trial, is entirely irrelevant. (*Allen v. State,* 199 Kan. 147, 427 P. 2d 598; *Baier v. State,* 197 Kan. 602, 419 P. 2d 865; *Smith v. State,* 196 Kan. 438, 411 P. 2d 663; *McCall v. State,* 196 Kan. 411, 411 P. 2d 647; *Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. denied 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.) Moreover, defendant overlooks the significance of his voluntary pleas of guilty to the crimes charged. We have repeatedly held that an accused's voluntary plea of guilty in a criminal case is a confession of guilt of the crime charged and every fact alleged therein, and that legally it is the most formal and binding confession possible for him to make. (*Allen v. State,* supra, and cases therein cited.)" (l. c. 450.)

The appellant's reliance upon the *Escobedo* and *Miranda* doctrines is unavailing. The defendant entered his plea of guilty on May 22, 1964; *Escobedo* was decided on June 22, 1964, and *Miranda* was not decided until 1966. In *Addington v. State,* 198 Kan. 228, 424 P. 2d 871, it was said:

"In making the contention, the defendant concedes that *Escobedo* and *Miranda* are inapplicable since they were decided after the defendant's trial

bègan on April 16, 1963. (*Johnson v. New Jersey*, 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772.) He contends, however, that those cases only establish a *minimum* standard for compliance with the Constitution of the United States, and argues the constitutional principles announced should now be applied retroactively by this court to the instant case. We decline to do so. Such a holding would seriously disrupt the administration of the criminal laws of this state and might require the retrial or release of numerous prisoners found guilty by competent and trustworthy evidence. See, *Johnson v. New Jersey*, supra." (1. c. 233, 234.)

The appellant contends that for the district court to grant him an evidentiary hearing and then hold that his evidence was insufficient absent any proof to the contrary, constitutes denial of due process of law. Under the provisions of K. S. A. 60-1507 and Rule No. 121 (g) the movant has the burden of establishing his grounds for relief by a preponderance of the evidence. In *Huston v. State*, 195 Kan. 140, 403 P. 2d 122, it was held:

"In a criminal action where counsel is appointed to represent an accused who is sentenced to imprisonment upon his plea of guilty, a judgment record showing full compliance with the statutory requirements of K. S. A. 62-1304 is *prima facie* evidence to establish that the primary rights of the accused to a trial have been safeguarded as provided in the statute, and the uncorroborated statements of the accused in a subsequent proceeding under K. S. A. 60-1507 are insufficient to overcome this evidence." (Syl. ¶1.)

The only evidence before the district court was that presented by the appellant. No witnesses were named in his petition seeking relief nor did he seek to have anyone testify in his behalf. We have fully reviewed the record and conclude the district court was eminently correct in summarizing the appellant's petition and his evidence to the effect that he got "what he wanted and that is a vacation from the penitentiary," and that, "Mr. Metcalf's vacation is over."

Our review of this record convinces us the appellant wholly failed to sustain the burden of proof incumbent upon him and the judgment of the district court denying relief is affirmed.